Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Veronica E. McKnight, Esq. (SBN: 306562)
bonnie@westcoastlitigation.com
Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for RICHARD ROZ, SHNEUR GOTTLIEB, and YEHOSHUA BLUM,
on behalf of themselves and all others similarly situated

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| RICHARD ROZ, SHNEUR GOTTLIEB, and YEHOSHUA BLUM, on behalf of themselves and all others similarly situated, | **Case No: 2:16-cv-04418** |
|---|---|
| Plaintiffs, | **Second Amended Complaint For:** |
| v. | **(1) VIOLATIONS OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (BUS. & PROF. CODE §§ 17600, ET SEQ.)** |
| NESTLE WATERS NORTH AMERICA INC., a Delaware Corporation, dba READYREFRESH BY NESTLE, | |
| Defendants. | **(2) UCL VIOLATIONS (CAL. BUS. AND PROF. CODE §§ 17200, ET SEQ.)** |
| | **(3) INJUNCTIVE RELIEF AND RESTITUTION (CAL. BUS. & PROF. CODE § 17535)** |
| | **Jury Trial Demanded** |

Plaintiffs RICHARD ROZ, SHNUER GOTTLIEB, and YEHOSHUA BLUM ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following against Defendant NESTLÉ WATERS NORTH AMERICA INC., dba READYREFRESH BY NESTLÉ, upon information and belief based upon personal knowledge:

1. Plaintiffs' Class Action Complaint is brought pursuant to the California Automatic Purchase Renewal Statute Cal. Bus. & Prof. Code §§ 17600, *et seq.*, California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and Cal. Bus. & Prof. Code § 17535.

2. Plaintiffs, individually, and on behalf of all others similarly situated, bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions committed by Defendant against Plaintiffs and the putative Class Members by making automatic renewal offers and continuous service offers, as those terms are defined by California's Automatic Purchase Renewal Statute, and increasing the automatic monthly charges without providing prior notice to Plaintiffs and other similarly situated consumers.

3. Defendant makes automatic renewal or continuous service offers to California consumers, including Plaintiff and putative class members, in violation of California's Automatic Purchase Renewal Statute by:

   a. Failing to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer, in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*

   b. Charging the consumer's credit or debit card or the consumer's account serviced by a third party for an automatic renewal or

continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*

c.   Failing to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and where Defendant's offer includes a free trial, Defendant also fails to disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services, in violation of Cal. Bus. & Prof. Code § 17600, *et seq.*

4. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

**JURISDICTION AND VENUE**

6. This case was removed from state court on the basis that the removal requirements of 28 U.S.C. 1332(d) are satisfied because the proposed class exceeds 100 members, the aggregate amount in controversy exceeds $5,000,000 (five million U.S. dollars), the parties are minimally diverse, and no statutory exceptions to jurisdiction apply.

7. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Los Angeles, State of California. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise

purposefully avails itself of the markets in this state through the promotion, sales, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. This action arises out of Defendant's violations of California Business and Professions Code §§ 17200 et seq., California Business and Professions Code § 17600 et seq.,  and other provisions of California law.

9. Venue is proper for the Central District of California pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in Los Angeles County, and purchased Defendant's products in Los Angeles County for personal use at their residences in Los Angeles County, State of California, which is within this judicial district, and the harm to plaintiffs occurred within this district.

10. Through this complaint, Plaintiffs do not allege that any state court judgment was entered against Plaintiffs in error, and Plaintiffs do not seek to reverse or modify any judgment of any state court.

**PARTIES**

11. Plaintiff RICHARD ROZ is an individual who resides in the County of Los Angeles, State of California and a "person" as defined by Cal. Bus. & Prof. Code § 17201; and at all times mentioned herein was, a natural person and a "consumer" for purposes of Cal. Bus. & Prof. Code § l7601(d).

12. Plaintiff SHNEUR GOTTLIEB is an individual who resides in the County of Los Angeles, State of California and a "person" as defined by Cal. Bus. & Prof. Code § 17201; and at all times mentioned herein was, a natural person and a "consumer" for purposes of Cal. Bus. & Prof. Code § l7601(d).

13. Plaintiff YEHOSHUA BLUM is an individual who resides in the County of Los Angeles, State of California and a "person" as defined by Cal. Bus. & Prof. Code § 17201; and at all times mentioned herein was, a natural person and a "consumer" for purposes of Cal. Bus. & Prof. Code § l7601(d).

14. Plaintiffs are informed and believe, and thereon allege, that Defendant is a corporation incorporated under the laws of the State of Delaware, with a principal place of business in the State of Connecticut.

15. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company that sells and delivers water and other beverage products. Plaintiffs further allege that all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. Plaintiffs reallege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant sells and delivers water and other beverage products to consumers in various states throughout the country, including California, by misleading consumers into signing up for an illegal automatic renewal contract.

19. At all times relevant, Defendant made and continues to make automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, *et seq.* (California's Automatic Purchase Renewal Statute) to Plaintiffs and other consumers similarly situated.

20. Defendant sells its products directly to consumers by telephone and over the Internet through its website.

21. After a consumer identifies the product(s) he wishes to place an order, Defendant requires the consumer to provide his credit or debit card information in order to complete the order.

22. At the time Plaintiffs purchased a subscription, Defendant failed to present Defendant's automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner, as defined by California's Automatic Purchase

Renewal Statute, before the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to Defendant's request for consent to the offer.

23. After Defendant charges the consumer's credit or debit card for the initial order, Defendant systematically enrolls the consumer in an automatic renewal contract, under which the consumer's credit or debit card is automatically charged every month for the product ordered in the initial purchase.

24. Defendant enrolls consumers into its auto-renewal program after a single purchase without disclosing to the consumer that his initial purchase will automatically renew, that his credit or debit card will automatically be charged every month, or that the automatic monthly charges will not stop until the consumer specifically instructs Defendant to stop charging the consumer.

25. Defendant enrolls consumers into its auto-renewal program without first providing the consumer with information describing Defendant's cancellation policy or any other terms related to Defendant's auto-renewal offer terms or continuous service offer terms.

26. Defendant enrolls consumers into its auto-renewal program without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms.

27. At the time Plaintiffs subscribed to Defendant's services, Plaintiffs were subjected to Defendant's unlawful policies and/or practices, as set forth herein, in violation of Cal. Bus. & Prof. Code § 17600, *et seq*.

28. After a consumer is enrolled in Defendant's auto-renewal program, Defendant systematically increases the renewal price without prior notification to the consumer, and automatically charges this higher amount to the consumer's credit card.

//

//

29. Defendant does not provide consumers with information regarding how to cancel in a manner that is capable of being retained by them prior to the implementation of its price increases.

30. In order for an automatic purchase renewal contract to be enforceable, California's Automatic Purchase Renewal Statute ("CAPRS") requires a company to: (1) present the automatic renewal offer terms, as specifically defined by Cal. Bus. & Prof. Code § 17601(b), in a clear and conspicuous manner and in visual or temporal proximity to the request for consent to the offer at the time of making the automatic renewal and before the subscription agreement is fulfilled; (2) first obtain the consumer's affirmative consent to the agreement containing the automatic renewal offer terms before charging their credit or other accounts; and (3) provide an acknowledgement that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.  Cal. Bus. & Prof. Code § 17602.

31. When a business wishes to make a material change to the terms of an auto-renewal agreement that has been accepted by a consumer in this state, "the business must provide the consumer with a clear and conspicuous notice of the material change and provide information regarding how to cancel in a manner that is capable of being retained by the consumer." *Id*.

//

//

//

//

//

//

//

//

//

32. Section 17603 of the Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement   or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise or products to the business."

33. Failure to follow the steps required by CAPRS, results in all goods, merchandise, or products sent to Plaintiffs and the Class Members under Defendant's illegal automatic renewal agreements to be deemed unconditional gifts to these consumers. *Id., at* § 17603.

34. Defendant fails to comply with the provisions of CAPRS when it signs up consumers in its auto-renewal subscriptions.   Defendant fails to: (1) adequately present the automatic renewal offer terms to consumers at the time of purchase or prior to fulfilling the agreement; (2) obtain the consumer's affirmative consent to the automatic renewal offer terms before charging their accounts; and (3) provide an acknowledgement that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.

35. In addition, Defendant makes material changes to the terms of its automatic renewal contracts by increasing the automatically billed renewal price without providing the consumer with clear and conspicuous notice informing them of the material change prior to its implementation.

36. In addition, Defendant makes material changes to the terms of its automatic renewal contracts without providing consumers with information regarding how

1  to cancel in a manner that is capable of being retained by the consumer prior to

2  the implementation of the material change.

3     37. On information and belief, Plaintiffs allege that Defendant's policy and

4  practice is to enroll all consumers who have made a single purchase into its auto-

5  renewal program without disclosing the auto-renewal terms, as required by Cal.

6  Bus. & Prof. § 17600, *et seq.*, and without their affirmative consent and to

7  increase the price for renewal without prior notification to the consumer.

8     38. These policies and practices of Defendant are unlawful and in violation of

9  Cal. Bus. & Prof. Code § 17600, *et seq*.

10     39. At the time Plaintiffs subscribed to Defendant's services, Plaintiffs were

11  subjected to Defendant's unlawful policies and/or practices, as set forth herein, in

12  violation of Cal. Bus. & Prof. Code § 17600, *et seq*.

13     40. Plaintiffs' economic injury of being deprived of funds, which were

14  withdrawn without Plaintiffs' consent, occurred as a direct result of Defendant's

15  failure to comply with CAPRS.

16     41. Plaintiffs would have avoided renewal of Defendant's water products if they

17  had known about Defendant's automatic renewal program.

18     42. Plaintiffs were not aware at the time of their initial orders that their orders

19  would renew automatically unless they cancelled their accounts with Defendant.

20     43. Furthermore, Plaintiffs would not have paid more for their products or would

21  not have continued the water order program had Defendant provided more

22  conspicuous notice.

23     44. The material circumstances surrounding this experience by Plaintiffs were

24  the same, or nearly the same, as the other class members Plaintiffs propose to

25  represent, and Plaintiffs and all putative class members were required to pay, and

26  did pay, money for this subscription marketed and sold by Defendant.

27     //

28     //

45. These acts and omissions described herein constitute unlawful, unfair, and fraudulent conduct under California's Unfair Competition Law, Business and Professions Code § 17200 *et seq.* (the "UCL").

### FACTS SPECIFIC TO PLAINTIFF GOTTLIEB

46. On or about December of 2013, Plaintiff GOTTLIEB called Defendant to place an order for Defendant's water product, described on Plaintiff GOTTLIEB's invoice as "5 GAL NESTLE PURE LIFE DRINKING WTR."  The price for the 5 GAL NESTLE PURE LIFE DRINKING WTR, excluding equipment rental, delivery, tax, and other fees, was $6.99 per item.

47. In order to complete his purchase, Defendant required Plaintiff GOTTLIEB to provide his credit card information.

48. Plaintiff GOTTLIEB provided Defendant with his credit card information and his credit card was charged for the water he ordered.

49. During the telephonic ordering process, Defendant did not disclose to Plaintiff GOTTLIEB that his initial purchase would automatically renew, that his credit card would automatically be charged every month for the product he ordered in his initial purchase, or that these automatic monthly charges would not stop until he specifically instructed Defendant to stop charging him.

50. During the telephonic ordering process, Defendant did not describe its cancellation policy or any other terms related to Defendant's auto-renewal program.

51. Plaintiff GOTTLIEB received his initial water delivery from Defendant on or around December of 2013.

52. Plaintiff GOTTLIEB was not asked to sign any agreement when he received his initial water delivery.

53. Plaintiff GOTTLIEB's initial delivery was not accompanied by any documentation disclosing that his initial purchase would automatically renew, that his credit card would automatically be charged every month for the product

1  he ordered in his initial purchase, or that these automatic monthly charges would
2  not stop until he specifically instructed Defendant to stop charging him.

3  54.  Plaintiff GOTTLIEB's initial delivery was not accompanied by any
4  documentation describing Defendant's cancellation policy or any other terms
5  related to Defendant's auto-renewal program.

6  55. After Plaintiff GOTTLIEB received his initial order, he did not receive any
7  notice, written or otherwise, disclosing that his initial purchase would
8  automatically renew, that his credit card would automatically be charged every
9  month for the product he ordered in his initial purchase, or that these automatic
10  monthly charges would not stop until he specifically instructed Defendant to stop
11  charging him.

12  56. After Plaintiff GOTTLIEB received his initial order, he was not notified, in
13  writing or otherwise, regarding details of Defendant's cancellation policy or any
14  other terms related to Defendant's auto-renewal program.

15  57. Plaintiff GOTTLIEB never provided Defendant with affirmative consent to
16  have his credit card automatically charged on a monthly basis or to any other of
17  Defendant's automatic renewal offer terms.

18  58. On or about, January of 2014, the credit card that Plaintiff GOTTLIEB
19  provided for his initial purchase was automatically charged, without his consent,
20  for a second shipment of products from Defendant.

21  59. Plaintiff GOTTLIEB did not provide any form of signed or written
22  authorization to Defendant to charge him for the products delivered in January of
23  2014.

24  60. In order to be enforceable, California's Auto-renewal Statute requires a
25  company to: (1) Present the automatic renewal offer terms in a clear and
26  conspicuous manner and in visual proximity to the request for consent to the offer
27  at the time of making the automatic renewal and before the subscription
28  agreement is fulfilled (Cal. Bus. & Prof. Code § 17602(a)(1)); (2) first obtain the

HYDE & SWIGART
Consumer Protection Attorneys

consumer's affirmative consent to the agreement containing the automatic renewal offer terms before charging their credit or other accounts (Cal. Bus. & Prof. Code § 17602(a)(2)); and (3) provide an acknowledgement that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer (Cal. Bus. & Prof. Code § 17602(a)(3)).

61. Defendant failed to comply with the Auto-Renewal Statute when it automatically enrolled Plaintiff GOTTLIEB in its monthly auto-renewal subscription. Defendant failed to: (1) adequately present the automatic renewal offer terms to him at the time of purchase or prior to fulfilling the agreement; (2) obtain his affirmative consent to the automatic renewal offer terms before charging their accounts; and (3) provide him an acknowledgement that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by him.

62. On information and belief, Plaintiff GOTTLIEB alleges that Defendant's policy and practice is to automatically and illegally enroll consumers in its monthly auto-renewal subscription without informing them of the automatic renewal offer terms and without first obtaining their affirmative consent.

63. From January 2014 through January 2015, Defendant automatically charged Plaintiff GOTTLIEB's credit card on a recurring basis in the amount of $6.99 per item for the 5 GAL NESTLE PURE LIFE DRINKING WTR.

64. On or about February of 2015, Plaintiff GOTTLIEB's credit card was unexpectedly and unknowingly charged $7.88 per item for the same 5 GAL NESTLE PURE LIFE DRINKING WTR.

65. On or about January of 2016, Defendant again increased the price for 5 GAL NESTLE PURE LIFE DRINKING WTR, and Plaintiff GOTTLIEB's credit card was unexpectedly and unknowingly charged $8.99 per item.

//

66. Plaintiff GOTTLIEB was never notified, called, or emailed prior to Defendant's implementation of the price increases.

67. Plaintiff GOTTLIEB never consented to be charged the increased price or to renew his account prior to Defendant's implementation of the price increases.

68. Defendant increased Plaintiff GOTTLIEB's monthly renewal price without first providing him with information regarding how to cancel in a manner that was capable of being retained.

69. As Plaintiff GOTTLIEB's credit card was automatically charged by Defendant, Plaintiff GOTTLIEB did not become aware of the price increases until March of 2016.

70. Cal. Bus. & Prof. Code § 17602(c) requires that in the case of a material change in the terms of the automatic renewal or continuous service offer that has been accepted by a consumer in this state, the business shall provide the consumer with a clear and conspicuous notice of the material change and provide information regarding how to cancel in a manner that is capable of being retained by the consumer. Defendant failed to provide clear and conspicuous notice of the material changes to its pricing model, or information regarding how to cancel services, prior to automatically charging Plaintiff's account for the price increases.

71. As a result of the above, Defendant violated Cal. Bus. & Prof. Code § 17602(a)(1), (2), (3), and § 17602(c). As such, all goods, wares, merchandise, or products, sent to Plaintiffs and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiffs and Class Members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business.

72. Had Defendant complied with the automatic renewal requirements under Cal. Bus. & Prof. Code § 17600 *et. seq.*, Plaintiff GOTTLIEB would not have agreed to have Defendant automatically renew his order.

### FACTS SPECIFIC TO PLAINTIFF BLUM

73. On or about July of 2013, Plaintiff BLUM called Defendant to place an order for Defendant's water products.

74. In order to complete his purchase, Defendant required Plaintiff BLUM to provide his credit card information.

75. Plaintiff BLUM provided Defendant with his credit card information and his credit card was charged for the water he ordered.

76. During the telephonic ordering process, Defendant did not disclose to Plaintiff BLUM that his initial purchase would automatically renew, that his credit card would automatically be charged every month for the product he ordered in his initial purchase, or that these automatic monthly charges would not stop until he specifically instructed Defendant to stop charging him.

77. During the telephonic ordering process, Defendant did not describe its cancellation policy or any other terms related to Defendant's auto-renewal program.

78. Plaintiff BLUM received his initial water delivery from Defendant on or around July of 2013.

79. Plaintiff BLUM was not asked to sign any agreement when he received his initial water delivery.

80. Plaintiff BLUM's initial delivery was not accompanied by any documentation disclosing that his initial purchase would automatically renew, that his credit card would automatically be charged every month for the product he ordered in his initial purchase, or that these automatic monthly charges would not stop until he specifically instructed Defendant to stop charging him.

//

81. Plaintiff BLUM's initial delivery was not accompanied by any documentation describing Defendant's cancellation policy or any other terms related to Defendant's auto-renewal program.

82. After Plaintiff BLUM received his initial order, he did not receive any notice, written or otherwise, disclosing that his initial purchase would automatically renew, that his credit card would automatically be charged every month for the product he ordered in his initial purchase, or that these automatic monthly charges would not stop until he specifically instructed Defendant to stop charging her.

83. After Plaintiff BLUM received his initial order, he was not notified, in writing or otherwise, regarding details of Defendant's cancellation policy or any other terms related to Defendant's auto-renewal program.

84. Plaintiff BLUM never provided Defendant with affirmative consent to have his credit card automatically charged on a monthly basis or to any other of Defendant's automatic renewal offer terms.

85. On or about August of 2014, Plaintiff BLUM was automatically charged, without his consent, for a second shipment of products from Defendant.

86. Plaintiff BLUM did not provide any form of signed or written authorization to Defendant to charge him for the products delivered in August of 2014.

87. In order to be enforceable, California's Auto-renewal Statute requires a company to: (1) Present the automatic renewal offer terms in a clear and conspicuous manner and in visual proximity to the request for consent to the offer at the time of making the automatic renewal and before the subscription agreement is fulfilled (Cal. Bus. & Prof. Code § 17602(a)(1)); (2) first obtain the consumer's affirmative consent to the agreement containing the automatic renewal offer terms before charging their credit or other accounts (Cal. Bus. & Prof. Code § 17602(a)(2)); and (3) provide an acknowledgement that includes the automatic renewal offer terms, cancellation policy, and information regarding

how to cancel in a manner that is capable of being retained by the consumer (Cal. Bus. & Prof. Code § 17602(a)(3)).

88. Defendant failed to comply with the Auto-Renewal Statute when it automatically enrolled Plaintiff BLUM in its monthly auto-renewal subscription. Defendant failed to: (1) adequately present the automatic renewal offer terms to him at the time of purchase or prior to fulfilling the agreement; (2) obtain his affirmative consent to the automatic renewal offer terms before charging their accounts; and (3) provide him an acknowledgement that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by him.

89. As a result of the above, Defendant violated Cal. Bus. & Prof. Code § 17602 (a)(1), (2), and (3). As such, all goods, wares, merchandise, or products, sent to Plaintiffs and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiffs and Class Members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business.

90. Had Defendant complied with the automatic renewal requirements under Cal. Bus. & Prof. Code § 17600 *et. seq.*, Plaintiff BLUM would not have agreed to have Defendant automatically renew his order.

91. On information and belief, Plaintiff BLUM alleges that Defendant's policy and practice is to automatically and illegally enroll consumers in its monthly auto-renewal subscription without informing them of the automatic renewal offer terms and without first obtaining their affirmative consent.

## FACTS SPECIFIC TO PLAINTIFF ROZ

92. Plaintiff ROZ has been a subscriber of Defendant's water delivery service since December of 2009.  In his initial order, Plaintiff ROZ used his credit card to

purchase Defendant's water product, described on Plaintiff ROZ's invoice as "Pure Savings Plan 4 Bottles."   The price for the Pure Savings Plan 4 Bottles, excluding equipment rental, delivery, tax, and other fees, was $29.96.   Plaintiff Roz's credit card was charged $29.96 for the Pure Savings Plan 4 Bottles.

93.  After Plaintiff ROZ placed his initial order, Defendant systematically enrolled him in its auto-renewal program for the Pure Savings Plan 4 Bottles.

94.  In order to be enforceable, California's Auto-renewal Statute requires a company to: (1) Present the automatic renewal offer terms in a clear and conspicuous manner and in visual proximity to the request for consent to the offer at the time of making the automatic renewal and before the subscription agreement is fulfilled (Cal. Bus. & Prof. Code § 17602(a)(1)); (2) first obtain the consumer's affirmative consent to the agreement containing the automatic renewal offer terms before charging their credit or other accounts (Cal. Bus. & Prof. Code § 17602(a)(2)); and (3) provide an acknowledgement that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer (Cal. Bus. & Prof. Code § 17602(a)(3)).

95.  Defendant failed to comply with the Auto-Renewal Statute when it automatically enrolled Plaintiff ROZ in its monthly auto-renewal subscription. Defendant failed to: (1) adequately present the automatic renewal offer terms to him at the time of purchase or prior to fulfilling the agreement; (2) obtain his affirmative consent to the automatic renewal offer terms before charging their accounts; and (3) provide him an acknowledgement that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by him.

96. Defendant did not notify Plaintiff of its automatic renewal offer terms before the purchasing agreement was fulfilled, and in visual or temporal proximity to Defendant's request for consent to the offer.

97. Defendant enrolled Plaintiff ROZ in its auto-renewal program for the Pure Savings Plan 4 Bottles without first obtaining his affirmative consent to have his credit card charged on a monthly basis or to any other of Defendant's automatic renewal offer terms.

98. From January 2010 through January 2014, Defendant automatically charged Plaintiff ROZ's credit card on a monthly basis in the amount of $29.96 for the Pure Savings Plan 4 Bottles.

99. On or about February of 2014, Plaintiff ROZ's credit card was unexpectedly and unknowingly charged $31.96 for the same Pure Savings Plan 4 Bottles.

100. Plaintiff ROZ was never notified, called, or emailed prior to Defendant's implementation of the price increase.

101. Plaintiff ROZ never consented to be charged the increased price or to renew his account prior to Defendant's implementation of the price increase.

102. Defendant increased Plaintiff ROZ's monthly renewal price without first providing him with information regarding how to cancel in a manner that was capable of being retained.

103. Plaintiff ROZ did not become aware of the February 2014 price increase until March 2016.

104. After February of 2014, Defendant continued to automatically charge Plaintiff ROZ's credit card the increased rate of $31.96 for the Pure Savings Plan 4 Bottles.

105. The price change from $29.96 per month, to $31.96 per month was a material change to any automatic renewal agreement between Plaintiff ROZ and Defendant.

//

//

//

//

106. In October of 2014, Plaintiff ROZ placed an order for a different one of Defendant's products, described on Plaintiff ROZ's invoice as "NPL .5 LITER 24 CT." The price for the NPL .5 LITER 24 CT, excluding equipment rental, delivery, tax, and other fees, was $11.97. Plaintiff ROZ's credit card was charged $11.97 for the NPL .5 LITER 24 CT.

107. After Plaintiff ROZ placed his initial order for the NPL .5 LITER 24 CT, Defendant systematically enrolled him in its auto-renewal program for the NPL.5 LITER 24 CT.

108. Defendant did not notify Plaintiff of its automatic renewal offer terms before the purchasing agreement was fulfilled, and in visual or temporal proximity to Defendant's request for consent to the offer.

109. Defendant enrolled Plaintiff ROZ in its auto-renewal program for the NPL .5 LITER 24 CT without first obtaining his affirmative consent to have his credit card charged on a monthly basis or to any other of Defendant's automatic renewal offer terms.

110. From October 2014 through January 2015, Defendant automatically charged Plaintiff ROZ's credit card on a monthly basis in the amount of $11.97 for the NPL .5 LITER 24 CT.

111. On or about February of 2015, Plaintiff ROZ's credit card was unexpectedly and unknowingly charged $16.47 for the same NPL .5 LITER 24 CT.

112. Plaintiff ROZ was never notified, called, or emailed prior to Defendant's implementation of the price increase.

113. Plaintiff ROZ never consented to be charged the increased price or to renew his account prior to Defendant's implementation of the price increase.

114. Defendant increased Plaintiff ROZ's monthly renewal price without first providing him with information regarding how to cancel in a manner that was capable of being retained.

115. The price change from $11.97 per month, to $16.47 per month was a material change to any renewal agreement between Plaintiff ROZ and Defendant.

116. As Plaintiff ROZ's credit card was automatically charged by Defendant, Plaintiff ROZ did not become aware of the February 2015 price increase until February 2016.

117. From February 2015 through October 2015, Defendant continued to automatically charge Plaintiff ROZ's credit card every month at the increased rate of $16.47 for the NPL .5 LITER 24 CT.

118. On or about November of 2015, Defendant increased the renewal price again and Plaintiff ROZ's credit card was unexpectedly and unknowingly charged $17.97 for the NPL .5 LITER 24 CT.

119. Plaintiff ROZ was never notified, called, or emailed prior to Defendant's implementation of the price increase.

120. Plaintiff ROZ never consented to be charged the increased price or to renew his account prior to Defendant's implementation of the price increase.

121. Defendant increased Plaintiff ROZ's monthly renewal price without first providing him with information regarding how to cancel in a manner that was capable of being retained.

122. The price change from $16.47 per month, to  $17.97 per month was a material change to any renewal agreement between Plaintiff ROZ and Defendant.

123. Had Defendant complied with its disclosure obligations under § 17602, Plaintiff ROZ would not have entered into Defendant's automatic renewal program.

124. As Plaintiff ROZ's credit card was automatically charged by Defendant, Plaintiff ROZ did not become aware of the November 2015 price increase until February 2016.

//

//

125. From November 2015 through the present, Defendant continues to automatically charge Plaintiff ROZ's credit card every month at the increased rate of $17.97 for the NPL .5 LITER 24 CT.

126. On information and belief, Plaintiffs allege that Defendant's policy and practice is to not clearly and conspicuously notify consumers about material price increases, before they are implemented.

127. On information and belief, Plaintiffs allege that Defendant's policy and practice is to increase consumers' monthly renewal rates without first providing them with information regarding how to cancel in a manner that is capable of being retained by the consumer.

128. Cal. Bus. & Prof. Code § 17602(c) requires that in the case of a material change in the terms of the automatic renewal or continuous service offer that has been accepted by a consumer in this state, the business shall provide the consumer with a clear and conspicuous notice of the material change and provide information regarding how to cancel in a manner that is capable of being retained by the consumer. Defendant failed to provide clear and conspicuous notice of the material changes to its pricing model, or information regarding how to cancel services, prior to automatically charging Plaintiff's account for the price increases.

129. As a result of the above, Defendant violated Cal. Bus. & Prof. Code § 17602(a)(1), (2), (3), and § 17602(c). As such, all goods, wares, merchandise, or products, sent to Plaintiffs and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiffs and Class Members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business.

130.  Plaintiff ROZ was subjected to Defendant's unlawful policies and/or practices, as set forth herein, in violation of Cal. Bus. & Prof. Code § 17600, *et seq*.

131. The material circumstances surrounding this experience by Plaintiff ROZ were the same, or nearly the same, as the other class members Plaintiff ROZ proposes to represent, and Plaintiff ROZ and all putative class members were required to pay, and did pay, money for increased prices for subscriptions marketed and sold by Defendant.

132. Defendant's undisclosed price hikes, coupled with its lack of authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent bait and switch scheme.

## CLASS ACTION ALLEGATIONS

133. Plaintiffs bring this action on behalf of themselves and all others similarly situated ("the Class").

134. Plaintiffs represent and are members of the Class consisting of:

> All persons in California whose credit cards, debit cards, or bank accounts were charged on a recurring basis by Defendant, as part of an automatic renewal plan or continuous service offer, without Defendant obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the four years prior to the filing of this Complaint.

129. Plaintiffs also represent, and are members of the Sub Class consisting of:

> All persons in California whose credit cards, debit cards, or bank accounts were charged on a recurring basis by Defendant, as apart of an automatic renewal plan or continuous service offer, where Defendant made a material change to the terms of the agreement without providing advanced clear and conspicuous notice of the material change and information regarding how to cancel in a manner

that is capable of being retained within the four years prior to the filing of this Complaint.

130. Excluded from the Classes are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person; and (5) Plaintiffs' counsel and Defendant's counsel.

131. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiffs at this time, but it is clear that the class is so numerous that the individual joinder of all its members is impracticable. Plaintiffs are informed and believe and thereon allege that The Classes includes thousands of members. While the exact number and identities of The Class members are unknown to Plaintiffs at this time, Plaintiffs allege that the numbers can only be ascertained through appropriate discovery, including examination of the records maintained by Defendant.

132. **Typicality**: Plaintiffs' claims are typical of the claims of other members of the Classes, in that Plaintiffs are members of the Classes and sustained damages arising out of Defendant's uniform wrongful conduct relating to its unauthorized recurring charges to consumers' credit cards. Specifically, Plaintiff ROZ is a member and putative representative of the Failure to Notify of Material Changes Class. Plaintiff KROLL is a member and putative representative of the Failure to Obtain Consent to Auto-Renewal Contract Class.

133. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to

those of the Classes, and Defendant has no defenses unique to any of the Plaintiffs.

134. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes as they are the issues at the heart of each claim. Common questions for the Classes are subject to common proof and answerable for the entirety of the Classes within a single stroke include, but are not necessarily limited to, the following:

a. Whether Defendant charged Plaintiff and class members' payment method for an automatic renewal or continuous service without first obtaining Plaintiffs' and class members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms;

b. Whether Defendant's Terms and Conditions contains the automatic renewal offer terms and/or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601;

c. Whether Defendant failed to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled, and in visual or temporal proximity to the request for consent to the offer;

d. Whether Cal. Bus. & Prof. Code § 17603 provides for restitution for money paid by Plaintiffs and Class Members in circumstances where the goods and services provided by Defendant is deemed an unconditional gift.

e. Whether Plaintiffs and the Class are entitled to restitution under Cal. Bus. & Prof. Code §§ 17200-17203;

f.  Whether Plaintiff and class members are entitled to declaratory relief, injunctive relief and/or restitution under Cal. Bus. & Prof. Code § 17535;

g.  Whether Plaintiffs and Class Members are entitled to attorneys' fees and costs under Cal. Bus. & Prof. Code § 1021.5;

h.  The proper formula(s) for calculating and/or restitution owed to Class Members;

i.  Whether Defendant failed to provide clear and conspicuous notice to Plaintiffs and Class Members of its price changes before automatically deducting funds from their accounts; and

j.  Whether Defendant failed to provide information to Plaintiffs and Class Members regarding how to cancel in a manner that is capable of being retained by the consumer.

135. **Superiority and Manageability**: This case is also appropriate for class certification as class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense required for individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.   By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

# COUNT 1:

## VIOLATION OF THE CALIFORNIA AUTOMATIC PURCHASE RENEWAL STATUTE

## CAL. BUS. & PROF. CODE § 17602(a)(1).

### (On Behalf of Plaintiffs and the Class)

**FAILURE TO PRESENT THE AUTOMATIC RENEWAL OFFER TERMS OR CONTINUOUS OFFER TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL PROXIMITY TO THE REQUEST FOR CONSENT TO THE OFFER**

136. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

137. Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq., to California consumers and the general public.

138. Cal. Bus. & Prof. Code § 17602(a)(1) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual probity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

139. Defendant failed to present the automatic renewal offer terms, or continuous offer terms, in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled.

//

140. Plaintiffs and Class Members paid money for Defendant's water delivery services, and as such suffered an "injury in fact" and have lost money and/or property as a result of Defendant's violations of Cal. Bus. & Prof. Code § 17600, *et seq.*

141. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(1), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all remedies that apply to a violation of Article 9, of Chapter 1, of Part 3, of Chapter 7 of the Cal. Bus. & Prof. Code.

142. Plaintiffs, on behalf of themselves and Class members, request relief herein and below.

**COUNT 2:**

**VIOLATION OF THE CALIFORNIA AUTOMATIC PURCHASE RENEWAL STATUTE**

**CAL. BUS. & PROF. CODE § 17602(a)(2) AND § 17603.**

**(On Behalf of Plaintiffs and the Class)**

**FAILURE TO OBTAIN THE CONSUMER'S AFFIRMATIVE CONSENT BEFORE THE AUTOMATIC RENEWAL AGREEMENT IS FULFILLED**

143. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

144. Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq., to California consumers and the general public.

145. Cal. Bus. & Prof. Code § 17602(a)(2) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> (2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic

renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

146. Defendant charged, and continuous to charge, Plaintiffs' and Class Members payment method for an automatic renewal or continuous service without first obtaining Plaintiffs' and Class Members' affirmative consent to the Terms and Conditions containing the automatic renewal offer terms or continuous service offer terms.

147. Plaintiffs and Class Members paid money for Defendant's water delivery services, and as such suffered an "injury in fact" and have lost money and/or property as a result of Defendant's violations of Cal. Bus. & Prof. Code § 17600, *et seq*.

148. Under Cal. Bus. & Prof. Code § 17603:

> In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business.

149. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is liable to provide restitution to Plaintiffs and Class Members under Cal. Bus. & Prof. Code § 17603.

//
//
//
//

150. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all remedies that apply to a violation of Article 9, of Chapter 1, of Part 3, of Chapter 7 of the Cal. Bus. & Prof. Code.

151. Plaintiffs, on behalf of themselves and Class members, request relief herein and below.

**COUNT 3:**

**VIOLATION OF THE CALIFORNIA AUTOMATIC PURCHASE RENEWAL STATUTE**

**CAL. BUS. & PROF. CODE § 17602(a)(3).**

**(On Behalf of Plaintiffs and the Class)**

**FAILURE TO PROVIDE ACKNOWLEDGEMENT WITH AUTOMATIC RENEWAL TERMS AND INFORMATION REGARDING CANCELLATION POLICY**

152. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

153. Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq., to California consumers and the general public.

154. Cal. Bus. & Prof. Code § 17602(a)(3) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> > (3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow

the consumer to cancel before the consumer pays for the goods or services.

155. Plaintiffs and Class Members paid money for Defendant's water delivery services, and as such suffered an "injury in fact" and have lost money and/or property as a result of Defendant's violations of Cal. Bus. & Prof. Code § 17600, *et seq.*

156. As a direct and proximate result of Defendant's aforementioned conduct and representations, Defendant received and continues to hold monies rightfully belonging to Plaintiffs and other similarly situated consumers.

157. Had Defendant complied with its disclosure obligations under § 17602, Plaintiffs would not have entered into Defendant's automatic renewal program.

158. As a direct and proximate result of Defendant's violations of Cal. Bus. & Prof. Code §§ 17600, *et seq.*, Plaintiffs and members of the class are entitled to a declaration that Defendant violated the California Automatic Purchase Renewal Statute.

159. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a) (2), Defendant is liable to provide restitution to Plaintiffs and Class Members under Cal. Bus. & Prof. Code § 17603.

160. Plaintiffs bring this cause of action pursuant to Bus. & Prof. Code § 17535. That provision allows "any person who has suffered injury in fact and has lost money or property" to bring a civil action for violations of "this chapter," referring to Bus. & Prof. Code Division 7, Part 3, Chapter 1. Bus. & Prof. Code §§ 17600-606 are included within Bus. & Prof. Code Division 7, Part 3, Chapter 1.

161. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602, Plaintiffs additionally bring this cause of action pursuant to Bus. & Prof. Code § 17604, which provides that "all available civil remedies that apply to a violation of this article may be employed."

## COUNT 4:

## VIOLATION OF THE CALIFORNIA AUTOMATIC PURCHASE RENEWAL STATUTE

## CAL. BUS. & PROF. CODE §§ 17602(c)

## (On Behalf of Plaintiff ROZ, Plaintiff GOTTLIEB, and Sub Class)

## FAILURE TO PROVIDE CLEAR AND CONSPICUOUS NOTICE OF MATERIAL CHANGES AND INFORMATION REGARDING CANCELLATION POLICY PRIOR TO THE MATERIAL CHANGE

162. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

163. Defendant has engaged in the practice of making automatic renewal offers and continuous service offers, as those terms are defined by Cal. Bus. & Prof. Code § 17600, et seq. ("California's Automatic Purchase Renewal Statute"), to California consumers and the general public.

164. Defendant's practices as described above violate the provisions of California's Automatic Purchase Renewal Statute, Cal. Bus. & Prof. Code § § 17602(c), in that it fails to adequately notify consumers of material changes to its auto-renewal contracts.

165. Defendant makes material changes to its auto-renewal contracts with consumers without ever providing consumers "with a clear and conspicuous notice of the material change ...  prior to implementation of the material change," as required by § 17602.

166. Defendant fails to "provide information regarding how to cancel in a manner that is capable of being retained by the consumer ... prior to implementation of the material change," as required by § 17602(c).

167. Had Defendant complied with its disclosure obligations under § 17602, Plaintiffs would not have entered into Defendant's automatic renewal program.

168. Plaintiffs and Members of the Sub Class paid money for Defendant's water delivery services, and as such suffered an "injury in fact" and have lost money and/or property as a result of Defendant's failure to (a) clearly and conspicuously give notice of a material change in the terms of the automatic renewal or continuous service offer; and (b) failure to disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services, in violation of Cal. Bus. & Prof. Code § 17602(c).

169. As a direct and proximate result of Defendant's aforementioned conduct, representations, and omissions, Defendant received and continues to hold monies rightfully belonging to Plaintiffs and other similarly situated consumers.

170. As a direct and proximate result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(c), Plaintiff and members of the Sub Class are entitled to a declaration that Defendant violated the California Automatic Purchase Renewal Statute.

171. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is liable to provide restitution to Plaintiffs and Class Members under Cal. Bus. & Prof. Code § 17603.

172. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602, Plaintiffs are subject to a right of action under Cal. Bus. & Prof. Code § 17604 for "all available civil remedies that apply to a violation of this article .…"

173. Plaintiffs also bring this cause of action pursuant to Bus. & Prof. Code § 17535 for restitution and injunctive relief. That provision allows "any person who has suffered injury in fact and has lost money or property" to bring a civil action for violations of "this chapter," referring to Bus. & Prof. Code Division 7, Part 3, Chapter 1. Bus. & Prof. Code §§ 17600-606 are included within Bus. & Prof. Code Division 7, Part 3, Chapter 1.

//

//

**COUNT 5:**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**

**CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.**

**(On Behalf of All Plaintiffs and the Class)**

174. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

175. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

176. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

177. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful, (b) unfair, and/or (c) fraudulent business practices prohibited as defined in Bus. & Prof. Code § 17200 *et seq* by violating Cal. Bus. & Prof. Code § 17602.

178. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm - that

is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

179. Plaintiff's paid money for water delivery services, and as such suffered an injury in fact. Had Defendant complied with its disclosure obligations under Cal. Bus. & Prof. Code § 17602, Plaintiffs would not have entered into the agreement for these services at the time they did so. As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continuous to hold, unlawfully obtained property and money belonging to Plaintiffs and Class Members in the form of payments made for water delivery services by Plaintiffs and Class Members. Defendant has profited from unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

180. Plaintiffs and similarly situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § § 17203 and 17208 for all monies paid by Class Members under the purchasing agreements from four years prior to the filing of this complaint to the date of such restitution, at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiffs and Class Members, from whom they were unlawfully taken.

181. Plaintiffs and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202.

### *(a) Unfair Prong*

182. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."     Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices

within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiffs reserve the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

183. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

184. Defendant satisfies the "unfair" prong of the UCL due to its violation under Cal. Bus. & Prof. Code § 17600 *et. seq.*

185. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Classes. Plaintiffs and Class Members have suffered injury in fact due to Defendant's illegal enrollment of Plaintiffs and Class Members in its auto-renewal program and Defendant's undisclosed material changes to its auto-renewal agreements. Thus, Defendant's conduct has caused substantial injury to Plaintiffs and the Class Members.

186. Had Defendant complied with the automatic renewal requirements under Cal. Bus. & Prof. Code § 17600 *et. seq.*, Plaintiffs and the Class Members would not have agreed to have Defendant automatically renew their orders.

//

//

//

//

//

187. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant converted large sums of money from Plaintiffs and Class Members without written authorization, or advanced notice. This systematic scheme is tantamount to theft. Thus, the injury suffered by Plaintiffs and Class Members is not outweighed by any countervailing benefits to consumers.

188. Finally, the injury suffered by Plaintiffs and Class Members is not an injury that these consumers could reasonably have avoided. Defendant misappropriated funds from Plaintiffs and other consumers by illegally enrolling them in its auto-renewal program, and these consumers suffered injury in fact due to Defendant's unauthorized charges to their credit cards, debit cards, and bank accounts and undisclosed and unexpected price hikes. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiffs and the Class Members. Therefore, the injury suffered by Plaintiffs and Class Members is not an injury which these consumers could reasonably have avoided.

189. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### (b) Fraudulent Prong

190. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

191. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

192. Defendant satisfies the "fraudulent" prong of the UCL due to its violation under Cal. Bus. & Prof. Code § 17600 *et. seq.*

193. Here, not only were Plaintiffs and Class Members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant had a duty to present the automatic renewal offer terms prior to fulfilling the contract and to disclose material changes to the renewal terms prior to implementation, yet Defendant failed to do so, and misappropriated significant sums of money from Plaintiffs and Class Members, who reasonably relied on Defendant's prior rate structure being the going rate for future transactions, causing considerable actual damages.

194. Had Defendant complied with the automatic renewal requirements under Cal. Bus. & Prof. Code § 17600 *et. seq.*, Plaintiffs and Class Members would not have agreed to have Defendant automatically renew their orders.

195. Plaintiffs' reliance is reasonable due to the unequal bargaining powers of Defendant and Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

196. Defendant's undisclosed price hikes, coupled with its failure to obtain any authorization to automatically charge consumers' proffered method of payment, is an unfair, unlawful and fraudulent bait and switch scheme.

197. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### *(c) Unlawful Prong*

198. California Business & Professions Code § 17200 prohibits "any unlawful ... business act or practice."

199. Defendant satisfies the "unlawful" prong of the UCL due to its violation under Cal. Bus. & Prof. Code § 17600 *et. seq.*

200. As explained above, Defendant deceived Plaintiffs and other Class Members by deducting unauthorized sums from their accounts without advanced clear and conspicuous disclosure of its automatic renewal terms and without notice of its price changes.

201. Defendant's acts, as pled herein, are an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

202. Defendant's conduct caused and continues to cause economic harm to Plaintiffs and Class Members.

203. Plaintiffs and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202.

204. Plaintiffs have assumed responsibility of enforcement of laws and public policies specified herein by suing on behalf of themselves and other similarly situated Class Members. Plaintiffs' success in this action will enforce important rights affecting the public interest. Plaintiffs will incur a financial burden in pursuing this action in the public interest. An award of attorneys' fees to Plaintiffs is thus appropriate pursuant to California Code of Civil Procedure § 1021.5.

205. Plaintiffs, on behalf of themselves and Class Members, request relief as described herein and below.

### COUNT 6:

### VIOLATION OF CAL. BUS. & PROF. CODE § 17535

### (On Behalf of All Plaintiffs and the Class)

206. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

207. Cal. Bus. & Prof. Code §17535 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of themselves or themselves and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

208. Since four years prior to the filing of this complaint, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating Cal. Bus. & Prof. Code § 17602.

209. As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold unlawfully obtained property and money belonging to Plaintiffs and class members in the form of payments made for Defendant's products through Defendant's auto renewal program by Plaintiffs and class members. As a result, plaintiffs suffered an injury in fact.

210. Plaintiffs were not aware at the time of their initial orders that their orders would renew automatically unless they cancelled their accounts with Defendant. Plaintiffs would not have paid more for their products or would not have continued the water order program had Defendant provided more conspicuous notice. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon. Had Defendant complied with its obligations under Cal. Bus. & Prof. Code § 17602, Plaintiffs would not have entered into the automatic renewal.

211. Plaintiffs and similarly situated Class Members are entitled to injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code § 17535 for all monies paid by class members under the automatic renewal from four years prior to the filing of this complaint to the date of such restitution, at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiffs and class members, from whom they were unlawful taken.

212. Plaintiffs and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202.

213. Plaintiffs have assumed the responsibility of the enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly situated class members. Plaintiffs' success in this action will enforce important rights affecting the public interest. Plaintiffs will incur a financial burden in pursuing this action in the public interest. Therefore, an award of

1   reasonable attorneys' fees to Plaintiffs is appropriate pursuant to California Code

2   of Civil Procedure § 1021.5.

3   214. Plaintiff's on behalf of themselves and similarly situated Class Members,

4   requested relief as described below.

5   **PRAYER FOR RELIEF**

6   WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs and the

7   Class Members damages against Defendant and judgment as follows:

8   •   That this action be certified as a Class Action, Plaintiffs be appointed as

9       the representatives of the Class, and Plaintiffs' attorneys be appointed

10      Class Counsel;

11  •   That the Court find and declare that Defendant has violated Cal. Bus. &

12      Prof. Code § 17602(a)(2) by charging Plaintiffs and class members

13      payment method without first obtaining their affirmative consent to the

14      agreement containing the automatic renewal offer term or continuous

15      service offer terms prior to charging their debit or credit cards;

16  •   That the Court find and declare that Defendant has violated Cal. Bus. &

17      Prof. Code § 17602(a)(2) by making a material change to the terms of the

18      agreement without providing advanced clear and conspicuous notice of

19      the material change and information regarding how to cancel in a manner

20      that is capable of being retained by Plaintiffs and Class Members;

21  •   That the Court find and declare that Defendant has violated the UCL and

22      committed unfair and unlawful business practices by violating Cal. Bus.

23      & Prof. Code § 17602;

24  •   That the Court find that Plaintiffs and Class Members are entitled to

25      injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code §

26      17535;

27  //

28  //

- That the Court find that Defendant is in possession of money that belongs to Plaintiffs and Class Members and that Defendant has not returned the money;

- That the Court award Plaintiffs and Class Members full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. & Prof. Code § 17604 in an amount to be proved at trial;

- That the Court award to Plaintiffs and Class Members damages and restitution in the amount of the payments made by them pursuant to Cal. Bus. & Prof. Code § 17603, in an amount to be proved at trial;

- An order requiring Defendant to pay restitution to Plaintiffs and Class Members due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205, in the amount of their subscription agreement payments;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiffs and all class members and to restore to Plaintiffs and class members all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- That the Court find that Plaintiffs and Class Members are entitled to injunctive relief and restitution pursuant to Cal. Bus & Prof. Code § 17535;

- That Plaintiff and class members be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law; and

- Any and all other relief as this Court may deem necessary or appropriate.

//

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: September 22, 2016         By: /s/ Joshua B. Swigart

Joshua B. Swigart
Attorneys for Plaintiffs

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

Jack J. Gindi (SBN 293739)
**LAW OFFICES OF JACK J. GINDI**
Email: JackGindiEsq@gmail.com
5405 Wilshire Blvd, Suite 210
Los Angeles, CA  90036
Telephone: +1 310 254 9749
Facsimile: +1 310 254 9749

Nissim Levin (SBN 306376)
**LAW OFFICES OF NISSIM LEVIN**
Email: NissimLevin@gmail.com
8200 Wilshire Blvd, Suite 215
Beverly Hills, CA 90211
Telephone: +1 310 777 7550
Facsimile: +1 310 878 8922
Attorneys for Plaintiffs