Thomas B. Mayhew (State Bar No. 183539)
  tmayhew@fbm.com
Carly O. Alameda (State Bar No. 244424)
  calameda@fbm.com
Andrew A. Bozant (State Bar No. 305143)
  abozant@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:   (415) 954-4400
Facsimile:   (415) 954-4480

Attorneys for Defendant
NESTLE WATERS NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROZ, SHNEUR GOTTLIEB and YEHOSHUA BLUM, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>NESTLE WATERS NORTH AMERICA INC., a Delaware Corporation, dba READYREFRESH BY NESTLE, and DOES 1 through 100, inclusive,<br><br>        Defendant. | Case No. 2:16-cv-4418 SVW (JEMx)<br><br>**NESTLE WATERS NORTH AMERICA INC.' S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:       January 9, 2017<br>Time:       1:30 p.m.<br>Judge:      Hon. Stephen V. Wilson |

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE
NO. 2:16-CV-4418 SVW (JEMX)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT ..........................................1

SUMMARY OF ALLEGED FACTS AND PROCEDURAL HISTORY ...............2

LEGAL STANDARD .........................................................................................5

ARGUMENT ......................................................................................................6

I.  BUSINESS & PROFESSIONS CODE SECTION 17600 ET SEQ.
    DOES NOT CREATE A PRIVATE RIGHT OF ACTION AND
    PLAINTIFFS' FIRST, SECOND, THIRD, AND FOURTH CAUSES
    OF ACTION MUST BE DISMISSED WITH PREJUDICE .......................6

II. PLAINTIFFS' FIFTH AND SIXTH CAUSES OF ACTION, UNDER
    THE UCL AND FAL, MUST BE DISMISSED FOR LACK OF
    STANDING WHERE PLAINTIFFS DO NOT, AND CANNOT,
    ALLEGE THE REQUIRED INJURY IN FACT OR, EVEN IF THEY
    COULD, THAT ANY INJURY WAS CAUSED BY NESTLE
    WATERS' ALLEGED STATUTORY VIOLATIONS ...............................11

    A.  Plaintiffs cannot allege a plausible "injury in fact" where they
        received what they bargained for and do not allege that they did
        not want the water or that the water was worth less than they
        paid ...............................................................................................12

        1.  Plaintiffs' allegations of statutory violations do not
            constitute an injury in fact .........................................................15

        2.  Plaintiffs' allegations that they paid money do not
            constitute an injury in fact .........................................................16

        3.  Plaintiffs' allegations regarding a price increase do not
            constitute an injury in fact .........................................................17

        4.  Plaintiffs' allegations that they paid money for what
            should have been deemed an "unconditional gift" also fail
            under the law and facts ...............................................................19

    B.  Plaintiffs cannot demonstrate the second required prong for
        standing – causation – and this also precludes them from
        bringing their UCL and FAL claims..................................................20

CONCLUSION....................................................................................................23

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - i -
NO. 2:16-CV-4418 SVW (JEMX)

1

## <u>TABLE OF AUTHORITIES</u>

2

### FEDERAL CASES

3

*Anderson v. Holder,*
   673 F. 3d 1089 (9th Cir. 2012)................................................................9

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...........................................................................5

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) .......................................................................5, 21

*Cullen v. Netflix, Inc.,*
   No. 5:11-CV-01199- EJD, 2013 U.S. Dist. LEXIS 4246 (N.D. Cal. Jan.
   10, 2013).........................................................................................12

*Harris v. County of Orange,*
   682 F.3d 1126 (9th Cir. 2012)................................................................9

*Kilcullen v. Select Portfolio Servicing, Inc.,*
   No. 11-cv-2657-BEN DHB, 2012 WL 1667150 (S.D. Cal. May 10,
   2012)..............................................................................................5

*Koh v. South Carolina Johnson & Son, Inc.,*
   No. C-09-0927 RMW, 2010 WL 94265 (N.D. Cal. Jan. 6, 2010) ....................12

*Nokchan v. Lyft, Inc,*
   No. 15-cv-03008-JCS, 2016 U.S. Dist. LEXIS 138582
   (N.D. Cal. Oct. 5, 2016) ................................................................15, 16

*Spokeo, Inc. v. Robins,*
   __ U.S. __, 136 S. Ct. 1540 (2016) .......................................................15

*Richard Noll & Rhythm Motor Sports, LLC  v. eBay, Inc.,*
   No. 5-11-cv-04585-EJD, 2013 U.S. Dist. LEXIS 76323
   (N.D. Cal. May 30, 2013)....................................................................23

*Warner v. Tinder, Inc.,*
   105 F. Supp. 3d 1083 (C.D. Cal. 2015)........................................12, 16, 18

*Zucco Partners, LLC v. Digimarc Corp.,*
   552 F.3d 981 (9th Cir. 2009) .................................................................5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE         - ii -
NO. 2:16-CV-4418 SVW (JEMX)

1

**STATE CASES**

2

*Hall v. Time Inc.,*
3
    158 Cal. App. 4th 847 (2008)....................................................................*passim*

4
*In Re Tobacco II Cases,*
    46 Cal. 4th 298 (2009).........................................................................20
5

*Kwikset Corp. v. Superior Court,*
6
    51 Cal. 4th 310 (2011).....................................................................15, 20

7
*Lu v. Hawaiian Gardens Casino, Inc.,*
    50 Cal. 4th 592 (2010).......................................................................6, 8
8

9
*Mayron v. Google,*
    No. 1-15-CV-275940 (Feb. 26, 2016)..............................................*passim*
10

*Peterson v. Cellco Partnership,*
11
    164 Cal. App. 4th  1583 (2008).......................................................*passim*

12
*Siciliano v. Apple, Inc.,*
    No. 1-13-CV-257676 (May 16, 2016)..................................................9
13

14
*Thurman v. Bayshore Transit Management, Inc.,*
    203 Cal. App. 4th 1112 (2012).............................................................7
15

*Vikco Insurance Services, Inc. v. Ohio Indemnity Co.,*
16
    70 Cal. App. 4th 55 (1999)....................................................................7

17

**FEDERAL STATUTES**

18

U.S. Constitution, Article III, Section 2 .......................................................15

19

**FEDERAL RULES**

20

Fed. R. Civ. P. 8(a)(2).................................................................................5
21

Fed. R. Civ. P. 12(b)(6) ..............................................................................5

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE
NO. 2:16-CV-4418 SVW (JEMX)
    - iii -

1

# STATE STATUTES

2

Cal. Bus. & Prof. Code

3
    §§ 17200 et seq ........................................................................4, 6, 11
    § 17203 ........................................................................................11
4
    § 17204 ...................................................................................8, 12
    § 17534 ..........................................................................................8
5
    § 17535 ............................................................................4, 6, 11, 12
    §§ 17600 et seq ...................................................................*passim*
6
    § 17602 ...............................................................................7, 18, 21
7
    § 17602(a)-(c) .................................................................................7
    § 17602(c) ....................................................................................17
8
    § 17603 ...................................................................................7, 8, 19
    § 17604 ......................................................................................8, 9
9
    § 17604(a) ......................................................................................8

10

Cal. Code Civ. Pro.
11
    § 382 ...........................................................................................11

12

# OTHER AUTHORITY

13
Senate Bill No. 340, 2009-2010 Regular Session as amended
14
    (Apr. 2, 2009) ................................................................................9

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE      - iv -
NO. 2:16-CV-4418 SVW (JEMX)

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs receive monthly deliveries of bottled water from Nestle Waters. They each rented water coolers and provided their credit card numbers; but now they claim they should have been told more expressly, or perhaps in a different font size, that water would continue to be delivered monthly unless they canceled, and that they would be paying for the water monthly by credit card. They do not claim that they did not want the water that was delivered each month, nor do they say that they did not drink or enjoy the water, or that the water was worth less than they paid for it. Instead, they claim that because certain statutory formalities were allegedly not complied with when they signed up, two, three, and six years ago, they should get a refund of the full price for all the water they bought and drank without complaint in the meantime.

Plaintiffs' Second Amended Complaint ("SAC"), seeking restitution for the amounts Plaintiffs paid for Nestle Waters' products, fails to allege any legally cognizable claims and must be dismissed. Plaintiffs' First, Second, Third, and Fourth causes of action are brought pursuant to Business and Professions Code Section 17600 *et seq.*, but Section 17600 *et seq.* does not provide for a private cause of action. Alleged violations must be brought pursuant to other statutory schemes, including California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL"). Plaintiffs' apparent attempt to circumvent the carefully crafted statutory requirements under the UCL and FAL by bringing independent causes of action directly under Section 17600 *et seq.* fails, and their first four causes of action must be dismissed with prejudice.

Plaintiffs' Fifth and Sixth causes of action, brought under the UCL and FAL, are allowable to the extent those statutes expressly provide a private right of action for the statutory violations alleged by Plaintiffs, but they fail because Plaintiffs do not and cannot allege the elements required to demonstrate standing under those provisions. Both the UCL and FAL require a plaintiff to prove (1) an injury in fact

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 1 -
NO. 2:16-CV-4418 SVW (JEMX)

1    and (2) that any such injury was caused by the defendant's alleged misconduct.

2    Here, Plaintiffs fail on both fronts.  Paying for goods that were ordered, received,

3    and used does not constitute an economic injury in fact, especially where Plaintiffs

4    do not allege they did not want the water that was ordered and paid for.

5         Even if they could allege an injury in fact, Plaintiffs do not, and cannot

6    plausibly allege that Nestle Waters' alleged statutory violations caused any such

7    injury.  Plaintiffs admit they learned of the statutory violations and all alleged price

8    increases by March 2016, and yet they do not allege they immediately canceled

9    their subscriptions or changed their orders in any way upon learning the

10   information.  In fact, they make clear in their allegations that Plaintiff Roz remains

11   a Nestle Waters customer to this day.  They therefore cannot plausibly claim that

12   Nestle Waters' alleged violations impacted their conduct or caused any alleged

13   injury.  Plaintiffs do not have standing to bring their UCL or FAL claims, and the

14   Fifth and Sixth causes of action must be dismissed with prejudice as well.

15   **SUMMARY OF ALLEGED FACTS AND PROCEDURAL HISTORY**[1]

16         Nestle Waters bottles, sells, and delivers a variety of bottled water products.

17   SAC ¶ 15.  Plaintiffs allege that they each ordered Nestle Waters' water delivery.

18   *Id.* ¶¶ 46, 73, 92.  Mr. Gottlieb placed a phone order in December 2013 for delivery

19   of 5-gallon bottles.  *Id.* ¶ 46.  He provided his credit card information, the card was

20   charged, and his water was delivered that month.  *Id.* ¶¶ 48, 51.  From January 2014

21   to January 2016, Nestle Waters delivered the 5-gallon bottles each month and

22   charged Mr. Gottlieb's credit card for each delivery.  *Id.* ¶¶ 58, 63-65.  Nestle

23   Waters increased the price for its 5-gallon bottles in February 2015 and again in

24   January 2016.  *Id.* ¶¶ 64-65.  Mr. Gottlieb alleges he became aware of the price

25   increases in March 2016.  *Id.* ¶ 69.

26   _____

[1]       Because the standard of review for motions to dismiss requires the Court to
27   assume the facts pled in Plaintiffs' SAC are true and to ignore facts outside of the
     SAC, Nestle Waters has discussed only the facts alleged in the SAC.  However,
28   Nestle Waters denies the material allegations of the SAC in their entirety.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 2 -
NO. 2:16-CV-4418 SVW (JEMX)

Mr. Blum ordered water delivery from Nestle Waters in July 2013.  *Id*. ¶ 73. He gave his credit card information over the phone, and Nestle Waters charged his card and delivered the water he ordered.  *Id.* ¶¶ 75, 78.  Nestle Waters delivered water to Mr. Blum a second time in August 2014, and charged his card again.  *Id.* ¶ 85.

Mr. Roz used his credit card to order water delivery from Nestle Waters in December 2009.  *Id.* ¶ 92.  Each month from January 2010 to the filing of the SAC in September 2016, Nestle Waters delivered water to Mr. Roz and charged his credit card for doing so.  *Id.* ¶¶ 98-99, 106, 110-11, 117-18, 125.  Mr. Roz initially ordered under a program where he received a discounted price per bottle by ordering four bottles per month (Pure Savings Plan 4 Bottles).  *Id.* ¶ 92.  After five years of receiving monthly deliveries, in October 2014, he ordered delivery of a case of 24 small single-serving size half-liter Nestle Pure Life bottles (NPL .5 liter 24 CT).  *Id.* ¶ 106.  Nestle Waters increased the price for the Pure Savings Plan 4 Bottles in February 2014, and for the case of half-liter bottles in February 2015 and again in November 2015.  *Id.* ¶¶ 99, 111, 118.  Mr. Roz allegedly learned of the price increases in early 2016.  *Id.* ¶¶ 103, 116, 124.

Plaintiffs allege that Nestle Waters' monthly water delivery constitutes an "automatic renewal" or "continuous service" offer under Business and Professions Code Section 17600 *et seq*., that Plaintiffs did not receive the statutorily required pre- and post-enrollment disclosures of the "automatic renewal offer terms," and that they did not consent to those terms before Nestle Waters charged their credit cards.  *Id.* ¶¶ 19, 34.  Messrs. Gottlieb and Roz further allege that Nestle Waters' price increases were material changes for which Nestle Waters did not provide the statutorily-required notices.  *Id.* ¶¶ 35-36, 70, 105, 115, 122, 126, 128.

Plaintiffs do not, however, allege that they did not want the water, that the water was unsatisfactory, or that the water was worth less than they paid for it. They do not allege they thought the water would be free at any point, or that they

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE        - 3 -
NO. 2:16-CV-4418 SVW (JEMX)

1    did not know their credit card would be charged for each delivery they received.

2    They do not allege that they tried but were unable to cancel any of the deliveries –

3    even after learning of the alleged statutory noncompliance – or that they did not

4    know how to cancel.

5        On March 23, 2016, Plaintiffs filed this lawsuit against Nestle Waters in Los

6    Angeles Superior Court, asserting violations of Section 17600 *et seq*. and

7    fraudulent, unfair, or unlawful business practices under the UCL (California

8    Business & Professions Code §§ 17200 *et seq*.).  Nestle Waters removed the case to

9    this Court on June 20, 2016.  After Nestle Waters filed a previous Motion to

10   Dismiss on July 25, 2016, Plaintiffs requested and Nestle Waters agreed to stipulate

11   to leave for Plaintiffs to amend their complaint.[2]  Subsequent meet and confer

12   efforts resulted in an additional amendment.  Plaintiffs filed their SAC on

13   September 22, 2016, which now includes the additional cause of action and claims

14   under Section 17535.

15       In addition to their own claims, Plaintiffs seek to represent a class comprised

16   of "[a]ll persons in California whose credit cards, debit cards, or bank accounts

17   were charged on a recurring basis by Defendant, as part of an automatic renewal

18   plan or continuous service offer, without Defendant obtaining a written

19   authorization signed or similarly authenticated for preauthorized electronic fund

20   transfers within the four years prior to the filing of this Complaint."  SAC ¶ 134.

21   They also propose a sub-class of persons "whose credit cards, debit cards, or bank

22   accounts were charged on a recurring basis by Defendant, as a part of an automatic

23   renewal plan or continuous service offer, where Defendant made a material change

24   to the terms of the agreement without providing advanced clear and conspicuous

25

26   _____

     [2]      *See* Order Regarding Stip. Sched. for Mot. to Dismiss Brief. and Case
     Mgmt., *Roz v. Nestle Waters North America Inc.*, No. 2:16-cv-4418 (Aug. 31,
27   2016); *see also* Order Regarding Stip. Regarding Leave to File Am. Compl. and
     Sched. for Mot. to Dismiss Briefing and Case Mgmt., *Roz v. Nestle Waters North*
28   *America Inc.*, No. 2:16-cv-4418 (Sep. 21, 2016).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE        - 4 -
NO. 2:16-CV-4418 SVW (JEMX)

1    notice of the material change and information regarding how to cancel in a manner

2    that is capable of being retained within the four years prior to the filing of this

3    Complaint."  SAC ¶ 129.[3]

4                    **<u>LEGAL STANDARD</u>**

5        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

6    legal sufficiency of the complaint's claims.  *E.g.*, *Kilcullen v. Select Portfolio*

7    *Servicing, Inc.*, No. 11-cv-2657-BEN DHB, 2012 WL 1667150, at *2 (S.D. Cal.

8    May 10, 2012).  While a court must accept all factual allegations in a complaint as

9    true, it need not accept "legal conclusions" as true.  *Id*.  In addition to the facts

10    alleged, the Court may also consider other matters of which the Court can take

11    judicial notice.  *E.g.*, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989

12    (9th Cir. 2009).

13        While Rule 8(a)(2) requires only "a short and plain statement of the claim

14    showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), "a plaintiff's

15    obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

16    than labels and conclusions, and a formulaic recitation of the elements of a cause of

17    action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Under

18    *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must

19    instead allege "enough facts to state a claim to relief that is plausible on its face."

20    550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

21    content that allows the court to draw the reasonable inference that the defendant is

22    liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

23

24

25

26

27

28

---

[3]       Plaintiffs' SAC contains several errors in its paragraph numbering.  The referenced Class Action Allegations are at page 22 of 42 of the SAC.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE      - 5 -
NO. 2:16-CV-4418 SVW (JEMX)

1

## <u>ARGUMENT</u>

2  **I.    Business & Professions Code Section 17600 *et seq*. Does Not Create a**

3  **Private Right of Action and Plaintiffs' First, Second, Third, and Fourth**

4  **Causes of Action Must Be Dismissed with Prejudice.**

5          Plaintiffs' First, Second, Third, and Fourth causes of action must be

6  dismissed because the California Legislature and case law have made clear that

7  Business and Professions Code section 17600 *et seq*. ("Section 17600 *et seq*.")[4]

8  does not create an independent, private right of action.  Instead, alleged violations

9  can only be enforced through other statutory provisions, including for example,

10  California's Unfair Competition Law ("UCL" or "Section 17200 *et seq*.") or False

11  Advertising Law ("FAL" or "Section 17535").  Accordingly, to the extent they are

12  brought pursuant to Section 17600 *et seq*. as freestanding claims,[5] Plaintiffs' First,

13  Second, Third, and Fourth Causes of Action must be dismissed with prejudice.

14          The California Supreme Court has made clear that "[a] violation of a state

15  statute does not necessarily give rise to a private cause of action.  Instead, whether a

16  party has a right to sue depends on whether the Legislature has 'manifested an

17  intent to create such a private cause of action' under the statute.  Such legislative

18  intent, if any, is revealed through the language of the statute and its legislative

19  history."  *Lu v. Hawaiian Gardens Casino, Inc*., 50 Cal. 4th 592, 596 (2010)

20

21  [4]       All subsequent statutory references will be to the California Business and Professions Code unless otherwise noted.

22  [5]       Counts 1 and 2 are clearly brought only pursuant to Section 17600 *et seq*.;
Counts 3 and 4 appear to be brought under 17600 based on the title and allegations

23  within those counts, however Plaintiffs created ambiguity when they added a
paragraph within Counts 3 and 4 stating that the cause of action was also being

24  brought pursuant to Section 17535 (*see* SAC ¶¶ 160, 173).  This is presumably
duplicative of Count 6, which also seeks recovery for alleged violations of Section

25  17600 *et seq*. pursuant to Section 17535.  In this section Nestle Waters explains
why each of the first four causes of action cannot be brought under Section 17600

26  *et seq*., because no private right of action exists under Section 17600 *et seq*., and
those claims must be dismissed.  In Part II of this brief, *infra*, Nestle Waters sets

27  forth why a claim under Section 17535, although allowable as a cause of action,
fails for lack of standing and also must be dismissed.

28

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 6 -
NO. 2:16-CV-4418 SVW (JEMX)

(citations omitted); *see also Vikco Ins. Services, Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62 (1999) ("Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature *intended* to create such a right to sue for damages.") (emphasis in original); *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1131-32 (2012) ("the statutory language or legislative history [must] affirmatively indicate[] such an intent" either expressly or by strong implication") (internal quotations omitted).

Here, both the language of Section 17600 *et seq*. and its legislative history demonstrate that no private right of action exists for an individual to directly pursue an alleged violation as an independent cause of action. First, there is no provision in Section 17600 *et seq*. that authorizes a private right of action. Rather, Section 17602(a) declares certain conduct as "unlawful," while subsections (b) and (c) set forth what businesses "shall" do when a business makes an automatic renewal or continuous service offer to a California consumer. Section 17603 sets forth what a consumer may do with goods sent in violation, including using or disposing of the goods, which are deemed unconditional gifts.[6] Most notably, the sole reference to a

---

[6] Section 17603 states: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

As discussed below, *infra* at pp. 9-10 and 19, this provision restricts the remedies available to a seller pursuing payment or collection efforts for goods provided, for example it would preclude a seller from bringing a claim against a consumer to obtain payment for goods provided in violation of Section 17600 *et seq*. The provision deems such goods an "unconditional gift" and thus prevents the seller from demanding payment or return of the goods. Section 17603 does not authorize an affirmative claim by the consumer to obtain damages or restitution

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE
NO. 2:16-CV-4418 SVW (JEMX)

- 7 -

1  remedy is set forth in Section 17604, which states that "all available civil remedies

2  that apply to a violation of this article may be employed."[7]  The language "all

3  available civil remedies" is plainly a reference to existing civil remedies, rather than

4  an effort to create a new, independent private right of action.[8]

5      The legislative history confirms that the Legislature did not intend to create

6  an independent cause of action under Section 17600 *et seq*.  The Senate Judiciary

7  Committee's Bill Analysis ("Bill Analysis") describes the Bill's remedies as

8  follows:

9      3.  Remedies available under the bill

10      Senate Bill 340 would provide that a violation of its provisions would

11      not be a crime, but all applicable civil remedies would be available.

12      Under the FAA, any person who violates any provision of the FAA is

13      liable for a civil penalty not to exceed $2,500 for each violation that

14      must be assessed and recovered in a civil action by the Attorney

15      General or by any district attorney, county counsel, or city attorney.

16      Under the UCL, a private party may bring a civil action for injunctive

17      relief and/or for restitution of profits that the defendant unfairly

18

19

---

20  from the seller, especially where the consumer received, accepted, used, and paid

21  for the goods.  In other words, Section 17603 affords consumers a shield against liability, not a sword they can wield to impose it.

22  [7]  Section 17604(a) states, "Notwithstanding Section 17534, a violation of this

23  article shall not be a crime. However, all available civil remedies that apply to a violation of this article may be employed."

24  [8]  Comparing Section 17600 *et seq*. to other statutes that create a private right of action further illustrates that the Legislature did not intend to create a Section

25  17600 cause of action.  For example, the Legislature unambiguously vested a right to sue in those harmed by UCL violations: "[a]ctions for relief pursuant to this

26  chapter shall be prosecuted exclusively in a court of competent jurisdiction . . .by a person who has suffered injury in fact and has lost money or property as a result of

27  the unfair competition."  Cal. Bus. & Prof. Code § 17204.  These are the sort of "clear, understandable, unmistakable terms" that indicate legislative intent to create

28  a private right of action.  *Lu*, 50 Cal. 4th at 597.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 8 -
NO. 2:16-CV-4418 SVW (JEMX)

1    obtained from that party.  However, the party must have suffered

2    injury in fact and lost money or property.[9]

3        The Bill Analysis thus describes the "applicable civil remedies" as being

4    those created elsewhere in the Business and Professions Code, subject to the

5    limitations of those other provisions (noting that "the party must have suffered

6    injury in fact and lost money or property").  *Id.*  The Bill Analysis does not state or

7    suggest that a plaintiff could bring an independent claim under Section 17600 *et*

8    *seq*.

9        A California court has also recently confirmed in two different cases that, as

10   a matter of California law, there is no private right of action under Section 17600 *et*

11   *seq*. and any private remedy exists elsewhere, for example, under the UCL.[10]

12   Specifically, in *Mayron v Google*, the court considered the precise question of

13   whether a plaintiff could bring a cause of action pursuant to Section 17600 *et seq*.,

14   and the answer was no.  The court explained:

15       There is no express provision in the Automatic Renewal Law

16       authorizing a private right of action.  Section 17604 of the Business

17       and Professions Code states that "all available civil remedies that apply

18       to a violation of this article may be employed."  However, the use of

19       the language "all available" indicates that no new private right of

20   _____

21   [9]    *See* Declaration of Thomas B. Mayhew in Support of Nestle Waters' Motion
     to Dismiss ("Mayhew Decl."), Ex. A (Senate Judiciary Committee, Bill Analysis of
22   Sen. Bill No. 340 (2009-2010 Reg. Sess.) as amended Apr. 2, 2009, for hearing on
     Apr. 14, 2009), at 5-6.  As explained in Nestle Waters' concurrently filed Request
23   for Judicial Notice, this Court may properly take judicial notice of the Section
     17600 *et seq*. legislative history.  *E.g.*, *Anderson v. Holder*, 673 F. 3d 1089, 1094
24   n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice.").
     [10]   *See* Mayhew Decl., Ex. B (*Mayron v. Google*, No. 1-15-CV-275940 (Feb.
25   26, 2016) ("*Mayron*")), and Ex. C (*Siciliano v. Apple, Inc.*, No. 1-13-CV-257676
     (May 16, 2016)), at § I.B.  As explained in Nestle Waters' Request for Judicial
26   Notice, this Court may properly take notice of orders from these two Superior Court
     cases.  *E.g.*, *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012)
27   (federal courts "may take judicial notice of undisputed matters of public record,
     including documents on file in federal or state courts") (citation omitted).

28

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 9 -
NO. 2:16-CV-4418 SVW (JEMX)

1      action has been created; rather, a party can rely on civil remedies that

2      already exist.  For example, a party could bring a cause of action under

3      the UCL.

4  *Mayron* at *3.

5      The court further addressed the plaintiffs' argument that Section 17603,

6  which can deem a good an "unconditional gift" authorizes plaintiffs to bring a

7  claim.  The court again concluded it did not:

8      Defendant argues that Section 17603 is only intended as a shield

9      against a seller seeking payment for a good sent in violation of the

10      Automatic Renewal Law [17600 *et seq*.]; it is not intended to authorize

11      a consumer to bring an action.  This interpretation makes sense in light

12      of the fact that Section 17603 only applies to tangible goods.  In other

13      words, a consumer could keep a good or product that is sent in

14      violation of the Automatic Renewal Law….

15  *Id*. at *4.

16      Plaintiffs presumably recognize their inability to meet the standing

17  requirements of the UCL and FAL, discussed below, and therefore they have

18  asserted independent causes of action under Section 17600 *et seq*. in an attempt to

19  bypass the explicit statutory requirements of the UCL and FAL.  But this attempt

20  fails.  Section 17600 *et seq*., its legislative history, and the California courts that

21  have considered it make clear that claims for alleged violations can only be brought

22  pursuant to other applicable statutes and the carefully considered and clearly

23  expressed limitations for those statutes.  Accordingly, Plaintiffs' First, Second,

24  Third, and Fourth causes of action, brought pursuant to Section 17600 *et seq*., must

25  be dismissed with prejudice.

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE        - 10 -
NO. 2:16-CV-4418 SVW (JEMX)

**II.    Plaintiffs' Fifth and Sixth Causes of Action, Under the UCL and FAL, Must Be Dismissed for Lack of Standing Where Plaintiffs Do Not, and Cannot, Allege the Required Injury in Fact or, Even if They Could, That Any Injury Was Caused by Nestle Waters' Alleged Statutory Violations.**

Although it is true a plaintiff may pursue alleged violations of Section 17600 *et seq*. through causes of action brought under the UCL and FAL, those causes of action are subject to the standing requirements set forth in those statutory schemes. As discussed below, Plaintiffs cannot meet those standing requirements and their Fifth (Section 17200 *et seq*.) and Sixth (Section 17535) causes of action should be dismissed with prejudice.[11]

To proceed with their Section 17200 *et seq*. and Section 17535 claims, Plaintiffs must plausibly allege facts that satisfy the two-prong test for standing: "Proposition 64, approved by the voters at the November 2, 2004, General Election, changed the standing requirements for a UCL claim to create a two-pronged test: A private person now has standing to assert a UCL claim only if he or she (1) 'has suffered injury in fact,' and (2) 'has lost money or property as a result of such unfair competition.'  (Bus. & Prof. Code, § 17204)."  *Hall v. Time Inc*., 158 Cal. App. 4th 847, 852 (2008) (internal citation omitted) ("*Hall*").[12]

Section 17535 makes clear that it includes the same standing requirements. The statute itself expressly states, "Actions for injunction under this section may be prosecuted by…any person who has suffered injury in fact and has lost money or

---

[11]    To the extent Plaintiffs' Third and Fourth Causes of Action include the additional, ambiguous references discussed above suggesting those claims of Section 17600 *et seq*. violations are also brought pursuant to Section 17535 (SAC ¶¶ 160, 173), those causes of action should also be dismissed for the reasons set forth in this section.

[12]    "Proposition 64 also amended Business and Professions Code section 17203, which authorizes courts to enjoin unfair competition, by adding this sentence: 'Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure… .'  *Hall*, 158 Cal. App. 4th at 852.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE
NO. 2:16-CV-4418 SVW (JEMX)                - 11 -

1  property as a result of a violation of this chapter. " *See also Cullen v. Netflix, Inc*.,

2  No. 5:11-CV-01199- EJD, 2013 U.S. Dist. LEXIS 4246, at *9-10 (N.D. Cal. Jan.

3  10, 2013) ("Under the UCL, a plaintiff must allege that he or she 'has suffered

4  injury in fact and has lost money or property as a result of the unfair competition.'

5  Cal. Bus. & Prof. Code § 17204. Similarly, the FAL requires that a plaintiff suffer

6  an 'injury in fact and has lost money or property as a result of a violation of' the

7  FAL. *Id*. § 17535. … In sum, in order to have standing, Plaintiff must allege that

8  he has suffered a legally cognizable injury that was caused by the conduct that

9  allegedly amounts to a violation of any of the statutes.").

10  Here, Plaintiffs do not and cannot meet either the injury in fact nor the

11  causation prong.

12  **A.  Plaintiffs cannot allege a plausible "injury in fact" where they**

13  **received what they bargained for and do not allege that they did**

14  **not want the water or that the water was worth less than they**

15  **paid.**

16  "Courts have held that being induced to purchase a product one would not

17  otherwise have purchased is not loss of money or property within the meaning of

18  the statute as long as one still receives the benefit of the bargain." *Warner v.*

19  *Tinder, Inc*., 105 F. Supp. 3d 1083, 1094 (C.D. Cal. 2015) (quoting *Koh v. S.C.*

20  *Johnson & Son, Inc.,* No. C-09-0927 RMW, 2010 WL 94265, at *2 (N.D. Cal. Jan.

21  6, 2010)) ("*Warner*").  As the *Warner* court pointed out, just because a plaintiff

22  "expended" money, does not mean that plaintiff "lost" money.  *Warner*, 105 F.

23  Supp. 3d at 1094-1095 (citing *Hall v. Time, Inc*., 158 Cal. App. 4th 847, 854-55

24  (2008)).

25  In *Hall*, a plaintiff attempted to bring a class action under the UCL against a

26  book publisher, alleging that the defendant used unfair, unlawful, and fraudulent

27  tactics to obtain immediate payment from its customers  during a "free trial period."

28  *Hall*, 158 Cal. App. 4th at 851.  The court, however, concluded the plaintiff lacked

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 12 -
NO. 2:16-CV-4418 SVW (JEMX)

1   standing because he did not allege he suffered an injury in fact where plaintiff

2   "expended money by paying Time $29.51 -- but he received a book in exchange.

3   He did not allege he did not want the book, the book was unsatisfactory, or the

4   book was worth less than what he paid for it." *Hall*, 158 Cal. App. 4th at 855.

5       The California Court of Appeal subsequently reached a similar conclusion

6   when reviewing a UCL claim premised on a violation of a statute. In *Peterson v.*

7   *Cellco Partnership*, 164 Cal. App. 4th 1583 (2008), plaintiffs predicated a UCL

8   claim on allegations that defendant violated the Insurance Code by selling cell

9   phone insurance without a license. *Id*. at 1590. The plaintiffs alleged they suffered

10  injury in fact "because they paid the alleged unlawful commission that was illegally

11  retained or received by defendant as a percentage of plaintiffs' insurance

12  payments." *Id*. at 1591. Despite the allegation that plaintiffs were "required to pay

13  an unlawful commission," the court concluded there was no injury in fact:

14      [P]laintiffs here do not allege they paid more for the insurance due to

15      defendant's collecting a commission. They do not allege they could

16      have bought the same insurance for a lower price either directly from

17      the insurer or from a licensed agent. Absent such an allegation,

18      plaintiffs have not shown they suffered actual economic injury.

19  *Id*. at 1591.

20      The California Superior Court in *Mayron v Google*, discussed above, also

21  reached a similar result when considering similarly inadequate allegations. The

22  Court concluded the plaintiff failed to allege standing to bring a UCL claim where,

23  despite alleging violations of Section 17600 *et seq*., the plaintiffs' allegations made

24  clear he paid for a service he received and used:

25      Plaintiff alleges that he was charged for a subscription to Google

26      Drive. [Citation omitted.] Plaintiff does not allege that he did not

27      receive and use Google Drive. … There are no allegations that Plaintiff

28      tried to cancel the service, or even that he did not want the service. If

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 13 -
NO. 2:16-CV-4418 SVW (JEMX)

1    Plaintiff used the service for which he was charged, then it is not

2    apparent how he has lost money or property as a result of any allegedly

3    unlawful conduct by Defendant; Defendant simply charged Plaintiff

4    for a service provided to Plaintiff that Plaintiff used.

5  *Mayron* at *4.

6        Similarly here, as in *Hall*, Plaintiffs do not allege that they did not want

7  Nestle Waters' water delivery or products, they do not allege the water was

8  unsatisfactory, or that the water was worth less than they paid for it.[13]  As in

9  *Peterson*, they do not allege they paid more for the water due to Nestle Waters'

10  alleged technical violations of Section 17600 *et seq*., or that they could have bought

11  the same water products for a lower price elsewhere.  As in *Mayron*, they do not

12  allege they tried to cancel any of the deliveries or that they did not know how to

13  cancel.[14]  They also do not allege that they believed at the time the water would be

14  free, or that they would not be charged for each delivery, or that their credit card

15  would not be charged.  Plaintiffs therefore fail to assert allegations sufficient to

16  demonstrate a cognizable injury in fact.

17        Instead, Plaintiffs' allegations of "injury" are focused on the fact that

18  Plaintiffs paid money for Nestle Waters' products despite Nestle Waters' failure to

19  abide by certain of the technical statutory requirements in Section 17600 *et seq.*

20  _____

21  [13]    During the parties' meet and confer process following the Plaintiffs' request
to file a Second Amended Complaint, Nestle Waters' counsel specifically pointed

22  out that Plaintiffs did not include any allegation that they did not want the water to
be delivered, and Nestle Waters' counsel asked directly, "Do your clients say they

23  did not want the water?"  In response, Plaintiffs' counsel stated, "We believe the
use and enjoyment of the water is irrelevant for purposes of the statute – the injury

24  suffered is the money spent based on the automatic renewal of the products without
consumer consent."  *See* Mayhew Decl., Ex. D (attaching counsels' meet and

25  confer email thread dated September 7-13, 2016; *see* thread dated September 9,
2016).

26  [14]    Instead, Plaintiffs allege only a related statutory violation:  "Defendant does
not provide consumers with information regarding how to cancel in a manner that is

27  capable of being retained by them prior to the implementation of its price
increases."  SAC ¶ 29.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE            - 14 -
NO. 2:16-CV-4418 SVW (JEMX)

1   But a statutory violation does not constitute an injury in fact and none of Plaintiffs'

2   factual allegations suffice as a substitute for those allegations that are necessary to

3   demonstrate an injury in fact, set forth above.

4        1.    **Plaintiffs' allegations of statutory violations do not**

5             **constitute an injury in fact.**

6        A statutory violation alone does not constitute an injury in fact.  The United

7   States Supreme Court recently explained this concept in the context of the injury in

8   fact requirement for Article III standing.  A plaintiff cannot "allege[] a bare

9   procedural violation, divorced from any concrete harm, and satisfy the injury-in-

10  fact requirement of Article III." *Spokeo, Inc. v. Robins*,  __ U.S. __, 136 S. Ct.

11  1540, 1549 (2016).[15]

12       The Northern District of California applied the analysis from *Spokeo* to

13  conclude that a plaintiff's allegations that his employer failed to comply with the

14  statutory requirements of the Fair Credit Reporting Act were not sufficient to allege

15  an injury in fact.  *Nokchan v. Lyft, Inc*, No. 15-cv-03008-JCS, 2016 U.S. Dist.

16  LEXIS 138582 (N.D. Cal. Oct. 5, 2016).  The Court concluded that plaintiff "has

17  not alleged that he suffered any real harm as a result of the fact that he did not

18  receive required disclosures in a separate document or that he did not receive a

---

20  [15]    The boundaries of what can constitute an "injury in fact" under federal law
21  also apply to UCL standing, and in fact standing for UCL purposes requires an even
    more specific showing of *economic* injury in fact.  *See Kwikset Corp. v. Superior*
22  *Court*, 51 Cal. 4th 310 (2011) 323, 324 ("The text of Proposition 64 establishes
    expressly that in selecting this phrase ["injury in fact"] the drafters and voters
23  intended to incorporate the established federal meaning. The initiative declares: 'It
    is the intent of the California voters in enacting this act to prohibit private attorneys
24  from filing lawsuits for unfair competition where they have no client who has been
    *injured in fact under the standing requirements of the United States Constitution.*
25  (Citations omitted, emphasis in court's opinion.) … However, because economic
    injury is but one among many types of injury in fact, the Proposition 64
26  requirement that injury be economic renders standing under *section 17204*
    substantially narrower than federal standing under *article III, section 2 of the*
27  *United States Constitution*, which may be predicated on a broader range of
    injuries.") (emphasis added).

1   summary of his rights under the FCRA." *Id.*at *10.

2       Similarly, a statutory violation alone does not suffice to demonstrate injury in

3   fact under the UCL or FAL. *See Peterson*, *supra*, 164 Cal. App. 4th at 1590-1592

4   (evaluating plaintiffs' UCL claims premised on a statutory violation of an Insurance

5   Code provision, and concluding no injury in fact was alleged).

6       Here, Plaintiffs' allegations throughout the SAC are centered on the alleged

7   statutory violations under Section 17600 *et seq.*[16]  These alleged violations do not

8   constitute an injury in fact.

9               2.   **Plaintiffs' allegations that they paid money do not constitute**

10                  **an injury in fact.**

11      In each of Plaintiffs' six causes of action they expressly allege they have

12  suffered "injury in fact," but in each claim they identify that injury in fact as being

13  grounded simply in the fact that they paid money for Nestle Waters' water delivery

14  services.  They allege their "injury" as some variation of the following: "Plaintiffs

15  and Class Members paid money for Defendant's water delivery services, and as

16  such suffered an 'injury in fact' … ."[17]  But as set forth above, the mere payment of

17  money does not constitute a cognizable "loss." *Warner*, 105 F. Supp. 3d at 1094-

18  1095 (citing *Hall v. Time Inc*., 158 Cal. App. 4th 847, 854-55 (2008)).

19  _____

    [16]    Plaintiffs' class action allegations are similarly limited to assertions of

20  statutory violations that track Plaintiffs' Section 17600 *et seq.* claims, based on
    Nestle Waters' alleged failures to obtain certain authorizations or provide certain

21  notices, and are completely devoid of any description of any "injury in fact"
    suffered by the alleged class members. *See* SAC ¶¶ 134, 129 (note there is an error

22  in Plaintiffs' paragraph numbers; these paragraphs appear on page 22 of 42 of the

23  SAC).
    [17]    *See*, Count 1, ¶ 140 ("Plaintiffs and Class Members paid money for

24  Defendant's water delivery services, and as such suffered an 'injury in fact' …");
    Count 2, ¶ 147 (same); Count 3, ¶ 155 (same); Count 4, ¶ 168 (same, except

25  referring to "Sub Class"); Count 5, ¶ 179 ("Plaintiff's paid money for water
    delivery services, and as such suffered an injury in fact."); Count 6, ¶ 209 ("…

26  Defendant has received and continues to hold unlawfully obtained property and
    money belonging to Plaintiffs and class members in the form of payments made for

27  Defendant's products through Defendant's auto-renewal program by Plaintiffs and
    class members.  As a result, plaintiffs suffered injury in fact.").

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 16 -
NO. 2:16-CV-4418 SVW (JEMX)

As explained above, despite the various allegations of improper tactics, statutory violations, or failures to provide required disclosures, the plaintiff's payment for the book in *Hall* did not rise to an injury in fact where he never alleged he did not want the book; the plaintiff's payment of an allegedly illegal commission in *Peterson* did not rise to an injury in fact where the plaintiff did not allege he paid more due to the illegality of the commission; and the plaintiff's payment for Google Drive in *Mayron* did not rise to an injury in fact where it was clear he used the alleged service for which he was charged. *See, supra, Hall* at 855, *Peterson* at 1591, and *Mayron* at *4. Despite the fact that the plaintiffs paid for all of the products at issue, each of the respective courts concluded there was no cognizable injury in fact.

Likewise here, all six of Plaintiffs' causes of action rely on allegations of an "injury in fact" that merely reflect that Plaintiffs paid money for Nestle Waters' delivery and water products. Such payments do not constitute an injury in fact where Plaintiffs admit they ordered the Nestle Waters' products at issue, they provided a credit card for payment, they received the products they ordered, and they continued as customers.[18] Plaintiffs do not allege they did not want the water or that they did not receive the water, or that the water was not worth what they paid, and they cannot allege an injury in fact.

> 3.   **Plaintiffs' allegations regarding a price increase do not constitute an injury in fact.**

Plaintiffs' SAC includes allegations regarding Nestle Waters' allegedly improper price increases, and those allegations are focused on the assertion that Nestle Waters' practices "violate the provisions of [Section 17602(c)], in that it fails to adequately notify consumers of material changes to its auto-renewal

---

[18]   *See* ¶¶ 46-47, 51, 63-65 (regarding Plaintiff Gottlieb), ¶¶ 73-74, 78, 85-86 (regarding Plaintiff Blum), and ¶¶ 92, 98, 103-104, 106, 124-125 (regarding Plaintiff Roz).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 17 -
NO. 2:16-CV-4418 SVW (JEMX)

1  contracts."[19]   Even assuming Plaintiffs' allegations are correct, and the alleged

2  price increases violated some portion of Section 17602, as discussed above, the

3  statutory violation alone is not sufficient to demonstrate an injury in fact.

4        Nor do Plaintiffs sufficiently allege any other injury in fact based on their

5  claim of a price increase.  In *Warner v. Tinder*, the Central District of California

6  specifically considered the plaintiff's claim that the defendant, Tinder, failed to

7  properly disclose that it reserved the right to increase its prices and that omission

8  was material to plaintiff's purchase of Tinder's online dating application.  *Warner*,

9  105 F. Supp. 3d at 1094.  The court found the injury in fact standard in *Hall*, set

10  forth above, to be instructive regarding the allegedly improper price increase, and

11  concluded that the allegations regarding the price increase did not amount to a

12  cognizable injury in fact:  "Warner does not allege that he did not want Tinder Plus

13  (at any price), that Tinder Plus was unsatisfactory, or that Tinder Plus was worth

14  less than what he paid for it.  He has therefore not pled that he suffered a loss

15  capable of restitution under the FAL or UCL."  *Id*. at 1095.

16        Here, again, despite the alleged price increases, Plaintiffs do not allege that

17  they did not want Nestle Waters' products at any price, or that the water was

18  unsatisfactory, or that the products were worth less than they paid for them.  In fact,

19  any allegation that Plaintiffs would not have wanted the water at the increased price

20  would not be plausible in light of the fact that they do not allege they took any

21  action to cancel their accounts or request a refund upon learning of the price change

22  or the alleged statutory noncompliance.  Instead, they specifically allege Plaintiff

23  Roz has continued as a customer to this day, and the "material circumstances"

24  surrounding his experience "were the same, or nearly the same, as the other class

25  members."[20]  Plaintiffs' claims regarding the allegedly material increase in price

26  therefore are not sufficient to show an injury in fact.

27

28

---

[19]   *See* SAC ¶ 164.

[20]   *See* SAC ¶¶ 125, 131; *see also, infra,* at p. 22.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE        - 18 -
NO. 2:16-CV-4418 SVW (JEMX)

1          4.       **Plaintiffs' allegations that they paid money for what should**
2                    **have been deemed an "unconditional gift" also fail under the**
3                    **law and facts.**

4          Although not clearly alleged in their SAC, Plaintiffs have suggested in meet

5    and confer efforts that an "injury in fact" resulted from paying for products that

6    they claim should have been deemed an "unconditional gift" pursuant to Section

7    17603.  This argument fails to alleviate Plaintiffs' lack of injury in fact for several

8    reasons.

9          First, as set forth above, Section 17603 is not a provision under which a

10   plaintiff can seek restitution for amounts paid.[21]  Instead, as the *Mayron* court

11   confirmed, it is merely a "shield" meant to allow consumers to defend themselves

12   against collection efforts by a seller seeking payment for a good sent in violation of

13   Section 17600 *et seq.*[22]

14         Second, also as discussed above, the *Peterson* court made clear that a

15   plaintiff's allegations that, due to a statutory violation, he improperly paid for a

16   product does <u>not</u> constitute an injury in fact where the plaintiff does not also allege

17   he paid more for the product due to the statutory violation or that he could have

18   bought the same product for a lower price if not for the violation.[23]  In *Peterson*, the

19   plaintiff alleged that in light of an Insurance Code violation, he was "required to

20   pay an unlawful commission";[24] similarly here, Plaintiffs' Section 17603 theory

21   appears to be that, in light of the alleged Section 17600 *et seq.* violations, they were

22   required to pay for products in contravention to the law deeming those products an

23   "unconditional gift."  But as in *Peterson*, Plaintiffs do not allege the product was

24   not worth what they paid nor that they could have purchased the product cheaper

25

26   _____
     [21]    *See, supra*, at pp. 9-10.
27   [22]    *Id.*
     [23]    *See, supra*, pp. 12-13.
28   [24]    *Id.*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE         - 19 -
NO. 2:16-CV-4418 SVW (JEMX)

from a seller compliant with Section 17600 *et seq.* Plaintiffs' "unconditional gift" theory therefore similarly fails to satisfy the injury in fact requirement.

**B.    Plaintiffs cannot demonstrate the second required prong for standing – causation – and this also precludes them from bringing their UCL and FAL claims.**

Even if Plaintiffs could allege an injury in fact (which they do not) they do not, and cannot, allege that any such loss was *caused* by Nestle Waters' alleged violation of Section 17600 *et seq.*, and therefore they still fail to meet the standing requirements for the UCL and FAL.

The second prong of the standing test – that a plaintiff "lost money or property as a result" of the alleged misconduct – "imposes a causation requirement." *Hall*, 158 Cal. App. 4th at 855. "The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection or reliance on the alleged misrepresentation." *Id. See also Kwikset Corp.*, 51 Cal. 4th at 326-27 (a "plaintiff 'proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements'") (quoting *In Re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009)).

For example, in *Hall*, the court explained that although the plaintiff did not allege a cognizable injury in fact, even if he had, his allegations also precluded a finding of causation:

> "Hall did not allege he did not want the book or Time's alleged acts of unfair competition induced him to keep a book he otherwise would have returned during the free trial period. Thus, Hall did not allege Time's acts of alleged unfair competition caused him to lose money or property."

*Id.* at 857.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE
NO. 2:16-CV-4418 SVW (JEMX)                    - 20 -

1    Plaintiffs' allegations here similarly fail to plausibly demonstrate that any

2    alleged harm was *caused* by the alleged violations of Section 17600 *et seq.*  First, to

3    the extent Plaintiff attempted to insert generic, conclusory allegations of

4    causation,[25] those allegations fail because they amount to mere legal conclusions

5    without any plausible factual allegations to support them.  *Twombly*, 550 U.S. at

6    555, 556 n.3 (rejecting conclusory or boilerplate allegations that provide no

7    meaningful factual support for the asserted claims).

8    Second, Plaintiffs' slightly more specific allegations also fail.  In an attempt

9    to artfully plead around the injury in fact and causation requirements, Plaintiffs

10   repeatedly allege a variation of the following: "Had Defendant complied with its

11   disclosure obligations under § 17602, Plaintiffs would not have entered into

12   Defendant's automatic renewal program."[26]  Notably, Plaintiffs are not alleging that

13   that the alleged statutory violations caused an injury in fact.  As discussed above, to

14   rise to an economic injury in fact Plaintiffs would have to allege they did not want

15   the water, or the water was not worth what they paid, for example.[27]  Instead, they

16   suggest only that they would not have signed up for Nestle Waters' automatic

17   renewal program, but it is unclear exactly what this means – that they would have

18   rather renewed their order a different way each month?  That they did not want to

19   pay by credit card?  That they did not want to pay for the water they ordered at all?

20   ─────────────────────

21   [25]    *See, e.g.*, SAC ¶ 185 ("Defendant's conduct has caused and continues to
cause substantial injury to Plaintiffs and members of the Classes.  Plaintiffs and
22   Class Members have suffered injury in fact due to Defendant's illegal enrollment of
Plaintiffs and Class Members in its auto-renewal program and Defendant's
23   undisclosed material changes to its auto-renewal agreements.  Thus, Defendant's
conduct has caused substantial injury to Plaintiffs and Class Members.")

24   [26]    SAC ¶ 167; *see also* SAC ¶ 157 (same); ¶179 ("Had Defendant complied
with its disclosure obligations under [Cal. Bus. & Prof. Code] § 17602, Plaintiffs
25   would not have entered into the agreement for these services at the time they did
so."); ¶186 ("Had Defendant complied with the automatic renewal requirements
26   under Cal. Bus. & Prof. Code § 17600 *et seq.*, Plaintiffs and Class Members would
not have agreed to have Defendant automatically renew their orders."); ¶ 194
27   (same).

28   [27]    *See*, *supra*, pp. 11-14.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE        - 21 -
NO. 2:16-CV-4418 SVW (JEMX)

They stop short of alleging they did not want the water each month, or that the water they purchased each month was not worth what they paid for it. Plaintiffs' allegations therefore do not suffice to show the alleged statutory violations *caused* any injury in fact.

More importantly, however, even if Plaintiffs' allegations amounted to an assertion that, had Nestle Waters complied with Section 17600 *et seq.*, Plaintiffs would not have wanted the water (which Plaintiffs carefully stop short of saying), such an allegation would not be plausible in light of Plaintiffs' other allegations about the facts of the case. As Plaintiffs make clear, they learned of the credit card charges, the price increases, and the alleged statutory violations at the latest in March 2016, the same month their complaint was filed in Superior Court, and in some instances they allege that they learned these facts even earlier.[28] Nevertheless, Plaintiffs do not allege that they immediately canceled their accounts upon learning this information, and in fact Plaintiff Roz expressly alleges he has continued as a customer through "the present" (as of the filing of the Second Amended Complaint on September 22, 2016), and that "[t]he material circumstances surrounding this experience by Plaintiff Roz were the same, or nearly the same, as the other class members… ." *See* SAC ¶¶ 125, 131.[29] Therefore Plaintiffs cannot plausibly allege causation; they cannot say that if Nestle Waters had provided proper disclosures they would not have wanted and purchased the water because even after they admit they knew the truth, they continued to purchase the water under the same terms, and at the same prices, they now complain about in this lawsuit.

---

[28]   *See* SAC ¶ 69 (Plaintiff Gottlieb became aware of the price increases in March 2016); ¶¶ 103, 124 (Plaintiff Roz became aware of the alleged price increases in February and March 2016).

[29]   *See also* SAC ¶ 146 ("Defendant charged, and ***continuous[sic] to charge***, Plaintiffs' and Class Members' payment method for an automatic renewal or continuous service…") (emphasis added).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE
NO. 2:16-CV-4418 SVW (JEMX)                    - 22 -

1    Finally, in addition to rendering Plaintiffs' assertions of causation

2  implausible, these facts similarly preclude Plaintiffs from demonstrating reliance on

3  Nestle Waters' alleged violations of Section 17600 *et seq.  See Richard Noll &*

4  *Rhythm Motor Sports, LLC v. eBay, Inc.*, No. 5-11-cv-04585-EJD, 2013 U.S. Dist.

5  LEXIS 76323 (N.D. Cal. May 30, 2013) ("That Plaintiffs continued to keep and/or

6  place GTC listings even after discovering the recurring fees belies their allegations

7  that they would not have placed listings had they know these fees would recur.

8  Plaintiffs have thus failed to plead reliance on eBay's alleged omissions.")

9    Because Plaintiffs cannot plausibly allege they lost money as a result of

10  Nestle Waters' alleged failure to comply with Section 17600 *et seq.*, or that they

11  relied on any such omissions, they have not, and cannot, meet the standing

12  requirements to bring their Fifth (UCL) or Sixth (FAL) causes of action.

13                                    <u>**CONCLUSION**</u>

14    For the foregoing reasons, Nestle Waters respectfully requests that the Court

15  dismiss Plaintiffs' Second Amended Complaint in its entirety with prejudice.

16

17  Dated:  October 28, 2016                 FARELLA BRAUN + MARTEL LLP

18

19                                           By:  /s/ Thomas B. Mayhew
                                                  Thomas B. Mayhew
20
                                             Attorneys for Defendant
21                                           NESTLE WATERS NORTH
                                             AMERICA INC.

22

23

24

25

26

27

28

NESTLE WATERS' MEM. OF P&A IN
SUPP. OF MOT. TO DISMISS SAC / CASE          - 23 -
NO. 2:16-CV-4418 SVW (JEMX)