Thomas B. Mayhew (State Bar No. 183539)
  tmayhew@fbm.com
Carly O. Alameda (State Bar No. 244424)
  calameda@fbm.com
Andrew A. Bozant (State Bar No. 305143)
  abozant@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant
NESTLE WATERS NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROZ, SHNEUR GOTTLIEB and YEHOSHUA BLUM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NESTLE WATERS NORTH AMERICA INC., a Delaware Corporation, dba READYREFRESH BY NESTLE, and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:16-cv-4418 SVW (JEMx)<br><br>**NESTLE WATERS NORTH AMERICA INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date: January 9, 2017<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson |

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)

32977\5747056.1

## TABLE OF CONTENTS

Page

I. THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE AUTOMATIC RENEWAL LAW; ANY ACTION FOR AN ALLEGED VIOLATION MUST BE BROUGHT UNDER 17200 OR 17500. ............................................................................................................ 1

II. PLAINTIFFS FAIL TO PLEAD THE NECESSARY ECONOMIC INJURY-IN-FACT, INCLUDING BOTH INJURY AND CAUSATION, TO PROCEED WITH THEIR 17200 AND 17500 CLAIMS. ........................................................................................................... 6

CONCLUSION ................................................................................................... 11

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)

- i -

32977\5747056.1

# TABLE OF AUTHORITIES

**Page**

## FEDERAL COURT CASES

*Figy v. Amy's Kitchen, Inc.*,
 No. CV-13-03816 SI, 2013 WL 6169503 (N.D. Cal. Nov. 25, 2013) ............................................................................................................... 9

*Fresno Motors, LLC v. Mercedes Benz USA, LLC*,
 771 F.3d 1119 (9th Cir. 2014) ............................................................................. 3

*Kemply v. Cashcall, Inc.*,
 No. 08-CV-03174-MEJ, 2016 WL 1055251 (N.D. Cal. Mar. 16, 2016) ............................................................................................................. 10

*Koh v. South Carolina Johnson & Son, Inc.*,
 No. C-09-0927 RMW, 2010 WL 94265 (N.D. Cal. Jan. 6, 2010) ...................... 7

*Maxwell v. Unilever United States, Inc.*,
 No. 5:12-CV-01736-EJD, 2014 WL 4275712 (N.D. Cal. Aug. 28, 2014) ............................................................................................................... 9

*Noll v. eBay, Inc.*,
 No. 5:11-CV-04585-EJD, 2013 U.S. Dist. LEXIS 76323 (N.D. Cal. May 30, 2013) ...................................................................................................... 7

*Spokeo, Inc. v. Robins*,
 __ U.S. __, 136 S. Ct. 1540 (2016) ..................................................................... 8

*Turcios v. Carma Labs., Inc.*,
 296 F.R.D. 638 (C.D. Cal. 2014) ...................................................................... 10

*Victor v. R.C. Bigelow*,
 No. 13-CV-02976-WHO, 2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) ............................................................................................................... 9

*Warner v. Tinder Inc.*,
 105 F. Supp. 3d 1083 (C.D. Cal. 2015) .................................................... 6, 8, 10

## STATE COURT CASES

*Crusader Insurance Co. v. Scottsdale Insurance Co.*,
 54 Cal. App. 4th 121 (1997) ............................................................................ 1, 4

*Hall v. Time Inc.*,
 158 Cal. App. 4th 847 (2008) ............................................... 6, 7, 8,  9, 10, 11

*Korea Supply Co. v. Lockheed Martin Corp.*,
 29 Cal. 4th 1134 (2003) ....................................................................................... 8

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)

- ii -

32977\5747056.1

*Lu v. Hawaiian Gardens Casino, Inc.*,
    50 Cal. 4th 592 (2010) .......................................................................... 1, 2, 3

*Mayron v. Google, Inc.*,
    No. 2:16-cv-04418-SVM-JEM (Sup. Ct. Cty. of Santa Clara
    Feb. 26, 2016) .......................................................................................*passim*

*Medrazo v. Honda of N. Hollywood*,
    205 Cal. App. 4th 1 (2012) ......................................................................... 9, 10

*Moradi-Shalal v. Fireman's Fund Insurance Cos.*,
    46 Cal. 3d 287 (1988) .................................................................................... 2, 4

*People v. Beaumont Investment, Ltd.*,
    111 Cal. App. 4th 102 (2003) .............................................................................. 9

*Peterson v. Cellco Partnership*,
    164 Cal. App. 4th 1583 (2008) ........................................................... 6, 7, 8, 10

*Siciliano v. Apple, Inc.*,
    No. 2:16-cv-04418-SVM-JEM (Sup. Ct. Cty. of Santa Clara May
    16, 2016) ........................................................................................................ 5

*Vicko Insurance Services, Inc. v. Ohio Indemnity Co.*,
    70 Cal. App. 4th 55 (1999) ............................................................................. 3

## STATE STATUTORY AUTHORITIES

Cal. Bus. & Prof. Code
    § 17200 et seq. ........................................................................................ 1, 6, 7
    § 17204 ............................................................................................................ 6
    § 17500 et seq. ............................................................................................ 1, 6
    § 17535 ............................................................................................................ 6
    § 17600 et seq. ............................................................................................ 1, 8
    § 17603 ........................................................................................................ 2, 5
    § 17604 ............................................................................................ 2, 3, 5, 6

Cal. Ins. Code
    § 790.09 ............................................................................................................ 2

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)
32977\5747056.1

- iii -

Plaintiffs never say they didn't want the water. When someone receives a monthly bottled water delivery, and does so without complaint for six years, doesn't try to cancel even six months after they hired counsel and sued, and cautiously avoids ever saying that they didn't want the water, then it is implausible to say that the absence of more specific initial notice about their right to cancel has somehow injured them. Yes, paying for water that they did not want could constitute an economic injury in fact under California Business & Professions Code sections 17200 *et seq.* (the Unfair Competition Law, "UCL" or "17200") and 17500 *et seq.* (the False Advertising Law, "FAL," or "17500"). Paying for water that they did want, by contrast, is not an injury in fact. There is no adequate, plausible, non-conclusory pleading of injury in fact here. Further, Plaintiffs' attempt to bypass the injury in fact requirement under the UCL and FAL by allegedly seeking a "refund" as a "private right of action" directly under Business & Professions Code Section 17600 *et seq.*("Section 17600" or "Automatic Renewal Law") is meritless.

## I. THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE AUTOMATIC RENEWAL LAW; ANY ACTION FOR AN ALLEGED VIOLATION MUST BE BROUGHT UNDER 17200 OR 17500.

*Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592 (2010) shows the standard analysis that is used under California law to determine if a California statute provides for a private right of action. "[W]hen neither the language nor the history of a statute indicates an intent to create a new private right to sue, a party contending for judicial recognition of such a right bears a heavy, perhaps insurmountable, burden of persuasion." *Id.* at 601 (quoting *Crusader Ins. Co. v. Scottsdale Ins. Co.*, 54 Cal. App. 4th 121, 133 (1997)).

First, the Court looks to the statutory language itself, to see if there are "'clear, understandable, unmistakable terms,' which strongly and directly indicate that the Legislature intended to create a private cause of action." *Id.* at 597. If the statute states that a person is "liable in a cause of action," or states a "right . . . to

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)
32977\5747056.1

- 1 -

sue directly," or states that a person "may bring an action to enjoin and restrain . . . and . . . for the recovery of damages," then such language creates a private right of action. *Id.* On the other hand, if the language instead says that a particular thing is "declared to be the sole property" of a particular person, without expressly stating that there is a cause of action for any violation or referring to a right to bring an action to recover any misappropriation, then that language is not enough. *Id.* at 598.

Here, neither of the two provisions emphasized by plaintiff create a private right of action. The "deemed an unconditional gift" provision of section 17603 is like the "declared to be the sole property" language at issue in *Lu*: it clarifies ownership, but without creating a right to sue directly or otherwise creating a cause of action.[1] The "all available civil remedies that apply to a violation of this article may be employed" language in section 17604, meanwhile, confirms only that any right to sue and seek a civil remedy comes from other remedy-creating statutes "that apply"; it does not create a new, previously unavailable right to recovery. *See also Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 294 (1988) (reference to "civil liability . . . under the laws of this State arising out of the methods, acts or practices found unfair or deceptive" in Insurance Code § 790.09 did not reflect legislative intent to create private right of action for unfair or deceptive insurance practices). While Plaintiffs argue that a "refund" is implicit,

---

[1] This clarification of ownership can help serve as "shield," as it was interpreted in *Mayron v. Google*. If a person calls their credit card company or bank and disputes an electronic charge, saying that they did not consent to the charge, then the company who imposed the charge under a non-compliant auto-renewal contract would be unable to recover or pursue collection by some other means, even if the consumer did not return the goods. The statute would in that case serve as an affirmative defense to the company's affirmative claim that the consumer has to pay for what they received and used: a shield, not a sword. On Plaintiffs' theory, a consumer could quietly sit back and receive deliveries that were wanted (and paid for by credit card) for four years, then affirmatively sue for a refund of all monies paid in the meantime. Nothing in the legislative history demonstrates a legislative intent to create such an unfair weapon.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)
32977\5747056.1

- 2 -

reasoning that "The good is not yet deemed an unconditional gift until the consumer receives a refund," Opp. at 11:16-17, the statute simply does not say this.

Second, *Lu* teaches that courts should look next to the legislative history. Here, the legislative history shows when the Legislature used the words "all available civil remedies" in section 17604, it was referring to the Unfair Competition Law and False Advertising Law. *See* Mayhew Decl. Ex. A (Senate Judiciary Committee's Bill Analysis). Regardless of the length of the legislative history, *see* Opp. at 9:22-23, the legislative history here, like the legislative history in *Lu*, does not provide a "clear indication that the Legislature intended to create a private cause of action under the statute." *Lu*, 50 Cal. 4th at 600.

Plaintiffs' opposition attempts to distinguish *Lu* on the basis that the employees-own-their-tips principle was codifying an established common-law principle.[2] But whether a statute creates a private right of action does not turn on whether the statute codifies a common-law rule; it turns on the statutory language and legislative history. *Vicko Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62 (1999) ("Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for

---

[2] Plaintiffs' distinction of *Lu* on its legislative facts finds some support in *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1133 (9th Cir. 2014), which distinguished *Lu* on the same basis, without discussion of any other California cases. *Fresno Motors* was based on a Vehicle Code provision that stated that a manufacturer could not exercise a right of first refusal without reimbursing expenses incurred in evaluating and negotiating the proposed transfer. The statutory provision provided for a procedure for requesting itemization of those expenses, and a deadline to make the payment. The Ninth Circuit held that given that the statute's terms created a "right to recovery" of the expenses, an implied private right of action would be recognized. While that holding might make sense where, as in *Fresno Motors*, the Legislature expressed unmistakably a "statutory right to recover," and "plain language makes clear that it is the proposed transferee that has standing to sue," *see id.* at 1134-35, the distinction of *Lu* made in *Fresno Motors* is unsupported by either the description of the California rule for determining private rights of action (which makes no reference to whether the rights preexisted the statute) or the actual holdings of other private right of action cases.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)

- 3 -

32977\5747056.1

damages. If the Legislature intends to create a private cause of action, we generally assume it will do so 'directly . . . in clear, understandable, unmistakable terms.'") (quoting *Moradi-Shalal*). Thus, for example, in *Moradi-Shalal*, the detailed statute describing different forms of insurer bad faith (for example, bad faith failure to investigate, bad faith failure to settle, and so on) was held not to create a private right of action; the Court never remarked on whether these principles pre-dated the statute. Similarly, in *Crusader*, cited with approval in *Lu*, the statutory provision that a surplus line broker must conduct a diligent search for an admitted insurer who will accept a risk before placing that risk with a non-admitted insurer, and the requirement that the diligent efforts be set forth on a standardized form prescribed by the Insurance Commissioner, were not a codification of any common law principle: they created new obligations. The Court of Appeal performed the same analysis as the Supreme Court later did in *Lu*: the Legislature does not create a new private right to sue unless the statute or the legislative history say so, in "clear, understandable, unmistakable terms." *Crusader*, 54 Cal. App. 4th at 132 (quoting from *Moradi-Shalal*, 46 Cal. 3d at 295). Whether the statute creates new rules not found at common law is not part of the private right of action analysis at all.

Plaintiffs next complain that "it would make no sense for the Legislature to create the [Automatic Renewal Law] without the means to enforce these specific provisions," and point to general statements of the legislative intent to protect consumers by passing the law. *See* Opp. at 7-8. This same *ipso facto* argument is made in every case by those urging a private cause of action. But California courts expressly reject a "policy argument" based approach to determining whether a private right of action exists; instead, they look to the Legislature for a clear intention. *See Crusader*, 54 Cal. App. 4th at 126 (court may not recognize private right of action absent clear, unmistakable legislative intent; rejecting Restatement of Torts approach that creates private right of action if court determines remedy is

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)
32977\5747056.1

- 4 -

"appropriate in furtherance of the purpose of the legislation" and "needed to assure the effectiveness of the provision.").

And here, Plaintiffs' argument is particularly flawed, because the Legislature fully expected this law to be enforced through already-existing remedies in the FAL and UCL, which do provide for a private right of action (but limit the remedies, and require proof of injury in fact). *See* Mayhew Decl. Ex. A; Cal. Bus. & Prof. Code § 17604. The Legislature did not need to create a private right of action to authorize injured parties to seek a refund; it could instead say that consumers could seek "available remedies" under other laws like the UCL or FAL to obtain restitution.

Plaintiffs are correct that *Mayron v. Google* and *Siciliano v. Apple* are not binding authority; they are cited as persuasive authority only. As the detailed substantive analysis in each of these two opinions shows, the Santa Clara Superior Court Complex Litigation department analyzed the same issue faced by this Court, parsing through the California state law standard for whether a private right of action exists under the Automatic Renewal Law and ultimately concluded that, contrary to Plaintiffs' argument, the Legislature had not clearly shown an intention to create a private right of action under either § 17603 (because the "unconditional gift" language is a shield, not a sword) or § 17604 (because the "all available civil remedies" reference indicates that the remedies already exist and are governed by other statutes, as opposed to being created in the Automatic Renewal Law itself). Order After Hearing On February 5, 2016, *Mayron v. Google*, Inc., No. 2:16-cv-04418-SVM-JEM (Sup. Ct. Cty. of Santa Clara Feb. 26, 2016), Doc. 31-2 at pp. 6-7 ("Doc."); Order After Hearing On May 6, 2016, *Siciliano v. Apple*, *Inc.*, No. 2:16-cv-04418-SVM-JEM (Sup. Ct. Cty. of Santa Clara May 16, 2016), Doc. 31-3 at pp. 6-9. This Court should join the only court to ever consider whether the Automatic Renewal Law creates a private right of action, and conclude that it does not.[3]

---

[3] There is an ambiguous reference at the end of the *Siciliano v. Apple* opinion stating "A private right of action exists, but only pursuant to section 17604." Doc. 31-3 at p. 9. Plaintiffs contend that the Court should follow this statement, which

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)
32977\5747056.1

- 5 -

Plaintiffs may seek a court remedy for violation of the Automatic Renewal Law, but only in the way that the Legislature intended: by bringing a claim under either the Unfair Competition Law or the False Advertising Law.

## II. PLAINTIFFS FAIL TO PLEAD THE NECESSARY ECONOMIC INJURY-IN-FACT, INCLUDING BOTH INJURY AND CAUSATION, TO PROCEED WITH THEIR 17200 AND 17500 CLAIMS.

The parties agree that economic "injury in fact" is required for private plaintiffs under the Unfair Competition Law and False Advertising Law. Cal. Bus. & Prof. Code §§ 17204, 17535. The core issue on this motion is whether economic injury in fact, caused by alleged violations of the Automatic Renewal Law, is adequately alleged where plaintiffs never plead that they did not want their water deliveries to continue.

Where a plaintiff does not "allege he did not want the [product or service], [that it] was unsatisfactory, or . . . was worth less than what he paid for it," there is no injury in fact under 17200 (or the same language in 17500). *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008); *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1591 (2008); *see also Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1094 (C.D. Cal. 2015) ("Courts have held that being induced to purchase a product one would not otherwise have purchased is not loss of money or property within the

---

they seem to interpret to mean that 17604 creates a private right of action that is separate from the 17200 or 17500 causes of action. Opp. at 11 n.5. However, the court in *Siciliano* made clear elsewhere that this reference in section 17604 was to existing private remedies in other statutes: "Section 17604 states that 'all available civil remedies that apply to a violation of this article may be employed.' However, the use of the language 'all available' indicates that no new private right of action has been created; rather, a party can rely on civil remedies that already exist. For example, a party could bring an action under the UCL. Indeed, Plaintiffs have asserted a cause of action for violation of the UCL in their second cause of action." Doc. 31-3 at p. 6. This analysis, coupled with the *Siciliano* court's ultimate ruling that it was granting the motion for judgment on the pleadings to dismiss the standalone Automatic Renewal Law first cause of action, leaving only the UCL second cause of action, shows that the court's actual holding in *Siciliano* was that no private right of action exists to enforce the Automatic Renewal Law, and that the law could only be enforced through the UCL (an available remedy referred to in section 17604).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)
32977\5747056.1

- 6 -

meaning of the statute as long as one still receives the benefit of the bargain.") (quoting *Koh v. S.C. Johnson & Son, Inc.*, No. C-09-0927 RMW, 2010 WL 94265, at *2 (N.D. Cal. Jan. 6, 2010); *Mayron v. Google*, Doc. 31-2 at 7 (sustaining demurrer to UCL claim: "Plaintiff does not allege that he did not receive and use Google Drive. . . There are no allegations that Plaintiff tried to cancel the service, or even that he did not want the service."). Procedural violations in an economic transaction – such as the failure to obtain consent in a legislatively-prescribed manner to an automatic renewal contract – are not injury if the consumer receives a product or service that the consumer actually wants. While the defendant may be said, in such cases, to have "obtained money or property" in an unlawful transaction, the 17200 claim fails because there is no injury in fact. *Peterson*, 164 Cal. App. 4th at 1587, 1591 (2008) (plaintiff sought restitution of all funds acquired in violation of licensing statute, and all "ill-gotten gains"; Court of Appeal affirmed demurrer because plaintiff received the insurance they wanted: "They do not allege they could have bought the same insurance for a lower price either directly from the insurer or from a licensed agent. Absent such an allegation, plaintiffs have not shown they suffered actual economic injury. Rather, they received the benefit of their bargain, having obtained the bargained for insurance at the bargained for price.") (citation omitted). And because actions speak louder than conclusory allegations, the failure to even attempt to cancel (or express any desire to do so) – after retaining counsel capable of drafting a 42 page federal court complaint, and with knowledge of their past grievances – renders implausible any claim that there is an injury caused by the alleged violations. *See Noll v. eBay, Inc.*, No. 5:11-CV-04585-EJD, 2013 U.S. Dist. LEXIS 76323 (N.D. Cal. May 30, 2013).

Plaintiffs' arguments for injury-in-fact thus fail. Plaintiffs principally[4] argue that they were charged for the water without advance notice or consent to the terms

---

[4] Plaintiffs' suggestion that *Mayron* and *Siciliano* are distinguishable because, unlike the products at issue in those cases (Google Drive and Hulu) Nestle Waters' products are a "free commodity" (*See* Opp. 17:6-9) is meritless and irrelevant:

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)

- 7 -

32977\5747056.1

of the transaction. *See* Opp. at 13:20 ("Despite not being informed . . ."); 13:23 ("Without notice . . ."); 13:27 ("Without his knowledge or consent . . ."); 14:11-15 ("none of these subsequent charges or price increases after their initial order were made with their consent. Each Plaintiff therefore suffered economic harm in the form of payments made . . . for goods sent . . . without their consent in violation of 17600."); *see also* 15:28-16:1 ("without any prior consent or disclosures . . ."); 16:3 ("unexpectedly and unknowingly"); 16:5 ("made without notice"). But in the absence of an allegation that they did not want the product to be delivered and enjoy the benefits of having the deliveries continue, this is an argument about an alleged procedural violation, not a case of actual injury. Being deprived of pre-authorization, assuming for the sake of analysis that's what happened here,[5] is not by itself an economic injury. Paying for goods you want is not an economic injury. The case is controlled by *Hall*, *Peterson*, *Warner*, and *Mayron*. *See also Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1549 (2016) ("bare procedural violation, divorced from any concrete harm" does not satisfy "injury-in-fact requirement").

Plaintiffs also claim they can recover despite failing to allege that they did not want the water because "reliance is . . . not required and a consumer's mind is irrelevant." Opp. at 15:7-15. But they cite only cases that predated the Proposition 64 injury-in-fact requirement (*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.

---

Nestle Waters is in the business of selling beverages, including spring water and purified water, packaged and delivered to customers in a way that many find superior to tap water or other beverages. Further, there is no allegation in this case that Plaintiffs believed the water they were ordering and purchasing would be free. And the fact that Plaintiffs continued to receive and pay for bottled water delivery even after the complaint was filed, with full knowledge of both the price and any alleged procedural violations in the transaction, would render implausible any claim that they received something worthless, had they so alleged.

[5] To be clear, this motion assumes, as is required, that the allegations of the complaint are true. In fact, Plaintiffs did each know and agree to have regular deliveries of bottled water, and to pay for them through automatic debits to their credit card. But given the procedural status of the case, the allegation that there was a procedural failure to adequately notify and obtain consent to the monthly deliveries and debits is treated as true at this stage.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)

- 8 -

32977\5747056.1

4th 1134 (2003); *People v. Beaumont Inv., Ltd.*, 111 Cal. App. 4th 102 (2003)[6]), and also *Medrazo v. Honda of N. Hollywood*, 205 Cal. App. 4th 1, 12 (2012). *Medrazo* has been disagreed with by a number of courts on this point, because under *Kwikset*, even "unlawful conduct" cases that sound in consumer deception require pleading of reliance as the causal mechanism for linking the conduct to an injury in fact. *See, e.g., Victor v. R.C. Bigelow*, No. 13-CV-02976-WHO, 2014 WL 1028881, at *7 (N.D. Cal. Mar. 14, 2014); *Figy v. Amy's Kitchen, Inc.*, No. CV-13-03816 SI, 2013 WL 6169503, at *3 n.1 (N.D. Cal. Nov. 25, 2013) (describing *Medrazo*'s flawed reasoning, and inconsistency with *Kwikset*); *Maxwell v. Unilever United States, Inc.*, No. 5:12-CV-01736-EJD, 2014 WL 4275712, at *8 (N.D. Cal. Aug. 28, 2014) ("*Medrazo* does not discuss *Kwikset*'s finding that actual reliance applies to claims under the unlawful prong of the UCL."). Here, the claim accuses Nestle Waters of a deceptive practice: misleading plaintiffs into providing their credit card and signing them up for an automatic, recurring delivery and debit program without making the terms clear. But even if *Medrazo* were not so heavily and correctly criticized on this point, Plaintiffs still cannot satisfy the rule it expresses: an injury in fact, caused by the defendant's allegedly unlawful conduct, is required. *Medrazo*, 205 Cal. App. 4th at 12 (plaintiff must "show that the alleged violation caused or resulted in the loss of money or property."); *see Mayron*, Doc. 31-2 at 7 (rejecting argument that "Plaintiff argues that his state of mind is irrelevant and he does not need to show reliance on any representation by Defendant" because "even if Defendant's conduct is looked at as simply a violation of statute, Plaintiff has not alleged that he lost money *as a result of* that statutory violation" absent allegation that Plaintiff tried to cancel or did not want the Google Drive service he received) (emphasis in original). If Plaintiffs in fact wanted the water, they were not injured because of any procedural error in the sign-up process

---

[6] *People v. Beaumont Inv. Ltd.* is also not a private plaintiff case, even if Proposition 64 had existed at the time.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)
32977\5747056.1

- 9 -

for how they would be billed: they would have ended up with the same result (water they enjoyed, and paying for it) with or without the allegedly "unlawful" conduct. *Medrazo* is a discredited outlier, unreflective of California law as described in *Hall*, *Peterson*, *Warner*, and *Mayron*.[7]

Plaintiffs also claim that, as to plaintiffs Roz and Gottlieb, they "never consented to . . . price increases," and that the "price increase caused their injury of paying these higher prices that they otherwise would have paid." Opp. at 19:21-25. While Plaintiffs vaguely imply that the prices for having bottled water delivered by Nestle Waters are somehow negotiable (and seem to be saying that they would have succeeded in convincing the company not to increase its prices), they never plead facts that would make this unpleaded allegation plausible. But again, the critical missing element is that Plaintiffs do not allege that they did not want the water – here, at the price being charged by the company. If Plaintiffs did want the water at the price being charged by the company, then they have no injury. If they claim they would have cancelled the deliveries if they only knew how, or would have cancelled the deliveries if they had been aware of the price increase earlier than they did (contrary to at least Roz's clear allegation that he continued as a customer after obtaining knowledge of the price), then they should include those allegations in the complaint. Absent the allegation that they did not want the water (at the price being charged), that the water was unsatisfactory, or was worth less than what they paid for it, they received the benefit of a bargain they wanted, which is not injury in fact at all. *Hall*, 158 Cal. App. 4th at 855.

---

[7] *Cf. also Kemply v. Cashcall, Inc.*, No. 08-CV-03174-MEJ, 2016 WL 1055251, at *20 (N.D. Cal. Mar. 16, 2016) (finding no injury in fact to named plaintiff where Cashcall unlawfully conditioned transactions on agreeing to use electronic funds transfers, because plaintiff more likely that not would have selected electronic funds transfer payment method and incurred charges regardless of the violation); *Turcios v. Carma Labs., Inc*. 296 F.R.D. 638, 644 (C.D. Cal. 2014) (purchase of package that violated federal statute did not cause economic injury, where consumer bought lip balm without comparison or inspection because he had heard it was a good product and he had chapped lips; *citing Medrazo* but dismissing because, absent "the necessary reliance and causation requirements," plaintiff lacked standing to bring a UCL claim).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)

- 10 -

32977\5747056.1

## **CONCLUSION**

For the foregoing reasons, and those in the moving papers, the motion to dismiss the Second Amended Complaint should be granted.

Dated: December 15, 2016    FARELLA BRAUN + MARTEL LLP

By:  /s/ Thomas B. Mayhew
Thomas B. Mayhew

Attorneys for Defendant
NESTLE WATERS NORTH AMERICA INC.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY ISO MOT. TO DISMISS /
CASE NO. 2:16-CV-4418 SVW (JEMX)

- 11 -

32977\5747056.1