**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Veronica E. McKnight, Esq. (306562)
bonnie@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROZ; SHNEUR GOTTLIEB; AND, YEHOSHUA BLUM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>NESTLE WATERS NORTH AMERICA INC., A DELAWARE CORPORATION DBA READYREFRESH BY NESTLE,<br><br>Defendants. | Case No.: CV16-4418 SVW (JEMx)<br><br>**PLAINTIFF YEHOSHUA BLUM'S MOTION TO DISMISS BLUM'S CLAIMS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(A)(2)**<br><br>**DATE:** July 3, 2017<br>**TIME:** 1:30 P.M.<br>**COURTROOM:** 10A<br><br>**HON. STEPHEN V. WILSON** |

///

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff YEHOSHUA BLUM ("Blum") hereby moves the Court for an Order dismissing Blum's claims without prejudice. As set forth below, Blum neither wishes to serve as a class representative nor longer wishes to pursue this action individually.

## II. STANDARD OF REVIEW

A dismissal pursuant to Fed. R. Civ. P. 41(a)(2) should be allowed unless it will cause substantial prejudice to the defendants. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Miller v. Transworld Airlines, Inc.*, 103 F.R.D. 20, 21 (1984); *Mobil Oil Corp. v. Advanced Envtl. Recycling Techs., Inc.*, 203 F.R.D. 156, 158 (2001). In assessing whether the prejudice is substantial, the Court must examine the circumstances of the case and "weigh the relevant equities..." *Barron v. Caterpillar, Inc.*, 1996 WL 460086, at *2. The plain legal prejudice required to deny a Motion pursuant to 41(a)(2) must be more than the prospect of a second lawsuit or tactical advantage. *See Westlands Water Dist. V. United States*, 100 F.3d 94, 97 (9th Cir. 1996); *Shulley v. Mileur*, 115 F.R.D. 50, 51 (1987) ("dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit"); *Environ Products, Inc. v. Total Containment, Inc.*, 1995 WL 459003, at * 5 ("[p]lain legal prejudice simply does not result when...plaintiff may gain some tactical advantage by a voluntary dismissal"). "Legal prejudice entails the loss of some 'vested' or 'substantial right.'" *Pouls v. Mills*, 1993 WL 308645, at * 1. *See also Selas Corp. of America v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3 (1972) (denying a motion to dismiss because dismissal would have precluded defendant from maintaining a claim for malicious prosecution).

Courts have considered the following factors to determine whether such a dismissal is proper: (1) whether the expense of a second litigation would be

excessive and duplicative; (2) how much effort and expense has been expended by the defendant in preparing for the current trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss; and, (5) whether the attempt at dismissal is designed to evade an adverse ruling. *See Maxum Indemnity Ins. Co. v. Perkins*, 2008 U.S. App. LEXIS 22778, at * 2 (9th Cir. Nov. 3, 2008); *Total Containment, Inc. v. Avdea Mfg. Corp.*, 1990 U.S. Dist. LEXIS 16637, 1990 WL 290146, at * 2; *Mobil Oil Corp.*, 203 F.R.D. at 158; *Myers v. Hertz Penske Truck Leasing, Inc.*, 572 F. Supp. 500, 502-03 (1983).

Dismissal on a Motion brought pursuant to Rule 41(a)(2) is within the discretionary power of the Court. *See Ferguson v. Eakle*, 492 F.2d 26, 28 (1974); *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (1951); *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186 (1982). "The Courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 9 Wright and Miller, *Federal Practice and Procedure*, § 2364 at 165 (1971). A determination as to whether a voluntary dismissal is prejudicial to defendant depends on the circumstances of each case. *Selas Corp. of America*, 57 F.R.D. at 5 (1971). 'In exercising its discretion the Court will consider the expense and inconvenience to the defendant and deny the motion if defendant will be seriously prejudiced by dismissal." *Wright & Miller*, supra at 171.

There is no indication that a voluntary dismissal would cause defendants to suffer any legally cognizable prejudice to a degree that is sufficient to bar plaintiff's motion for leave to dismiss the action. In fact, Courts have determined that it is not sufficient reason to deny dismissal even in cases where the plaintiff intends to renew the action in a different court. *Selas Corp.*, 57 F.R.D. at 6.

## III. ARGUMENT

Blum requests this Court allow Blum to voluntarily dismiss Blum's claims without prejudice because Blum no longer wishes to pursue this action in any capacity, neither individually nor as a class representative. [Loker Decl., ¶ 4]. Defendant is not unduly prejudiced as a result of this dismissal since said dismissal narrows the scope of this class action at this early stage.

### A. THERE IS NO THREAT OF SECOND LITIGATION INVOLVING BLUM.

First, Blum's Dismissal should be granted because there is no threat of second litigation to Defendant. As stated above, Blum wishes to dismiss this Action because Blum is no longer willing to prosecute the issues herein. [*Id*.]. In this case, there is no threat of second litigation involving Blum given Blum's unequivocal intentions. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Thus, this factor weighs in favor of permitting Plaintiff to file the requested dismissal.

### B. THE CURRENT LAWSUIT IS AT AN EARLY, PRACTICABLE STAGE.

Blum contends that dismissal is permissible since the current lawsuit is at an early, practicable stage. [*Hyde & Darth v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994). As this Court is aware, Defendant previously sought dismissal of Blum's claims; however, said Motion was denied. [ECF No. 39]. Since then, the Parties have merely engaged in written discovery but no depositions of any party have taken place. Thus, this factor weighs in favor of dismissing Blum.

### C. BLUM ACTED DILIGENTLY IN BRINGING THIS MOTION TO DISMISS.

Since Blum acted diligently in bringing the current Motion, dismissal pursuant to Fed. R. Civ. P. 42(a)(2) is warranted. *Westlands Water Dist. V. United States*, 100 F.3d 94, 96 (9th Cir. 1996). During the course of discovery, Blum informed Blum's counsel that Blum was no longer interested in participating in this Action. Blum's counsel immediately contacted defense counsel thereafter and

requested defense counsel stipulation to the requested dismissal. Blum's counsel met and conferred with defense counsel following this refusal and filed the current Motion as soon as permitted pursuant to Local Rule 7-3. As such, Blum contends that Blum moved to be dismissed as soon as Blum was able to do so. Thus, this factor weighs in favor of dismissing Blum.

### D. BLUM IS NOT ATTEMPTING TO EVADE AN ADVERSE RULING.

Finally, Blum does not seek dismissal to avoid an adverse ruling. *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). As discussed in Blum's Opposition to Defendant's previous Motion to Dismiss, Blum believes that viable claims have been presented herein. Regardless, Blum is no longer interested in pursuing said claims. Moreover, no Motions of any kind are currently pending in this Action which would preclude any possibility that this factor cuts against Blum. Thus, this factor weighs in favor of permitting Blum's dismissal since it is not possible for Blum to be evading an adverse ruling.

### IV. CONCLUSION

For the foregoing reasons, Blum respectfully requests grant Blum's Motion to Dismiss Blum's claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Dated: May 26, 2017                                KAZEROUNI LAW GROUP, APC

By: ___/s/ Matthew M. Loker____
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR BLUM

# CERTIFICATE OF SERVICE

A copy of the foregoing *Motion to Dismiss Blum's Claims without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)* has been filed this 26th day of May, 2017, through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

                                                  ___/s/ Matthew M. Loker___

                                                         Matthew M. Loker

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626